IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOGANTREE LP,<br><br>    *Plaintiff*,<br><br>v.<br><br>FOSSIL GROUP, INC.,<br><br>    *Defendant*. | Civil Action No. 21-cv-0385-LPS<br><br>JURY TRIAL DEMANDED |

**DEFENDANT FOSSIL GROUP, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Fossil Group, Inc. ("Fossil") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff LoganTree LP's ("Plaintiff" or "LoganTree") First Amended Complaint ("Complaint"). Fossil denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

## PARTIES

1. Fossil is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies them.

2. Fossil admits that it acquired Misfit, Inc.

3. Fossil admits that it is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Texas, and is located at 901 S. Central Expressway, Richardson, 75080. Fossil admits that it may be served through its

---

[1] For avoidance of doubt, Fossil denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

registered agent, the Corporation Trust Company, located at 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

4. Fossil admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. Fossil does not contest whether personal jurisdiction over it properly lies in this judicial district in this case. Fossil denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief.

6. Fossil does not contest venue in this district. Fossil denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief.

## THE PATENT-IN-SUIT

7. Fossil admits that a purported copy of U.S. Patent No. 6,059,576 (the "'576 Patent") is attached as Exhibit A to the Complaint, and that the face of the patent indicates that it is entitled "Training and Safety Device, System and Method to Aid in Proper Movement During Physical Activity." Fossil is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7, and therefore denies them.

8. Fossil admits that a purported copy of '576 Patent reexamination certificate, bearing U.S. Patent No. 6,059,576 C1 ("the '576 Reexamination Certificate"), is attached to the Complaint as Exhibit B. Fossil is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8, and therefore denies them.

9. Fossil admits that on the copy of the '576 Patent, as attached as Exhibit A, the named inventor is Theodore L. Brann.

10. Fossil is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10, and therefore denies them.

**THE REEXAMINATION**

11. Fossil admits that a purported copies of the '576 Patent and Reexamination Certificate, the '576 Patent sets forth three independent claims and 26 dependent claims, and the Reexamination Certificate added an additional 156 dependent claims, for a total of 185 claims. Fossil denies that the claims of the '576 Patent and/or the '576 Patent as reexamined constitute inventions or patentable subject matter. Fossil is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Complaint and, on that basis, denies all such allegations.

12. The content of the '576 Patent Reexamination Certificate speaks for itself, and Paragraph 12 contains no allegations that require a response. To the extent any response is required, Fossil denies that the claims of the '576 Patent constitute inventions or patentable subject matter.

13. Fossil denies that the claims of the '576 Patent constitute inventions or patentable subject matter.

14. The content of the '576 Patent Reexamination Certificate speaks for itself, and Paragraph 14 contains no allegations that require a response. To the extent any response is required, Fossil denies that the claims of the '576 Patent constitute inventions or patentable subject matter.

15. Fossil denies that the claims of the '576 Patent constitute inventions or patentable subject matter.

16. The content of the '576 Patent Reexamination Certificate speaks for itself, and Paragraph 16 contains no allegations that require a response. To the extent any response is

required, Fossil denies that the claims of the '576 Patent constitute inventions or patentable subject matter.

## COUNT I:
### ([Alleged] Infringement of the Reexamined '576 Patent)

17. Fossil incorporates by reference each of its responses set forth in Paragraphs 1-16 above as if fully set forth herein.

18. Fossil denies the allegations in Paragraph 18 of the Complaint.

19. Fossil denies the allegations in Paragraph 19 of the Complaint.

20. Fossil admits that it received correspondence from LoganTree regarding the '576 Patent. Fossil denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief.

21. Fossil denies the allegations in Paragraph 21 of the Complaint.

22. Fossil denies the allegations in Paragraph 22 of the Complaint.

23. Fossil denies the allegations in Paragraph 23 of the Complaint.

24. Fossil denies the allegations in Paragraph 24 of the Complaint.

25. Fossil denies the allegations in Paragraph 25 of the Complaint. Fossil further denies the allegations as set forth in Exhibit C, as Fossil has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief.

26. Fossil denies the allegations in Paragraph 26 of the Complaint.

27. Fossil denies the allegations in Paragraph 27 of the Complaint.

28. Fossil denies the allegations in Paragraph 28 of the Complaint.

29. Fossil denies the allegations in Paragraph 29 of the Complaint.

## PLAINTIFF'S ATTEMPTS TO CONTACT DEFENDANT

30. Fossil admits that it received correspondence from LoganTree regarding the '576 Patent. Fossil denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief.

31. Fossil denies the allegations in Paragraph 31 of the Complaint.

32. Fossil denies the allegations in Paragraph 32 of the Complaint.

## [PLAINTIFF'S] PRAYER FOR RELIEF

To the extent that a response is required to Plaintiff's prayer for relief, Fossil denies that Plaintiff is entitled to any judgment against Fossil and/or an order granting relief in any of the forms requested in parts a-e.

## [PLAINTIFF'S] JURY DEMAND

Plaintiff's Jury Demand does not contain any allegations and therefore does not require a response. To the extent a response is required, Fossil denies those allegations.

## FOSSIL'S AFFIRMATIVE DEFENSES

In addition to answering the Complaint, Fossil asserts the following affirmative defenses. Fossil reserves the right to amend this Answer to add additional affirmative defenses as further information is obtained.

## FIRST AFFIRMATIVE DEFENSE

Fossil has not infringed and does not infringe, under any theory of infringement, including literally or under the doctrine of equivalents, directly (whether individually or jointly), or indirectly (whether contributorily or by inducement), any valid, enforceable claim of the '576 Patent.

**SECOND AFFIRMATIVE DEFENSE**

Each asserted claim of the '576 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**THIRD AFFIRMATIVE DEFENSE**

To the extent that Plaintiff and any predecessors in interest to the '576 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Fossil's actions allegedly infringe the '576 Patent, Fossil is not liable to Plaintiff for the acts alleged to have been performed before Fossil received actual notice that it was allegedly infringing the '576 Patent.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff asserts that Fossil indirectly infringes, either by contributory infringement or inducement of infringement, Fossil is not liable to Plaintiff for the acts alleged to have been performed before Fossil knew that its actions would cause indirect infringement.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the claims of the '576 Patent do not claim patent eligible subject matter under 35 U.S.C. § 101.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim of direct infringement because, among other things, Plaintiff has not stated a plausible allegation that any method or system employed or process practiced by Fossil includes: (1) "a movement sensor capable of measuring data associated with unrestrained movement in any direction and generating signals indicative of said movement," (2) "a power source," (3) "a microprocessor connected to said movement sensor and to said power source, said microprocessor capable of receiving, interpreting, storing and responding to said

6

movement data based on user-defined operational parameters," (4) "detecting a first user-defined event based on the movement data and at least one of the user-defined operational parameters regarding the movement data, and storing first event information related to the selected first user-defined event along with the first time stamp information reflecting a time at which the movement data causing the first user-defined event occurred," (5) "at least one user input connected to said microprocessor for controlling the operation of said device," (6) "a real-time clock connected to said microprocessor," (7) "memory for storing said movement data," (8) "an output indicator connected to said microprocessor for signaling the occurrence of user-defined events," and/or (9) "said movement sensor measures the angle and velocity of said movement," as required by at least Claim 1 of the '576 Patent.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Fossil infringes under a theory of joint infringement, Fossil is not liable to Plaintiff. Fossil does not provide or perform each element of any claim of the '576 Patent, and any actions of third parties accused by Plaintiff are not attributable to Fossil.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering its reasonable attorney's fees, costs, and/or increased damages under 35 U.S.C. §§ 284 or 285.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law for the alleged infringement.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff attempted enforcement of the '576 Patent against Fossil is barred by one or more of the equitable doctrines of estoppel, acquiescence, waiver, and unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the '576 Patent and/or applications related thereto, from asserting any interpretations of any valid, enforceable claims of the '576 Patent that would be broad enough to cover any activity of Fossil, either literally or by application of the doctrine of equivalents.

## FOSSIL GROUP, INC.'S COUNTERCLAIMS

For its counterclaims against Plaintiff LoganTree LP's ("LoganTree"), Counterclaim Plaintiff Fossil Group, Inc. ("Fossil") alleges as follows:

### PARTIES

1. Counterclaim Plaintiff Fossil is a corporation organized under the laws of Delaware. Fossil maintains a place of business at the address 901 S. Central Expressway, Richardson, TX 75080.

2. Upon information and belief based solely on paragraph 1 of the Complaint as pled by Plaintiff, Counterclaim Defendant LoganTree LP is a limited partnership organized and existing under the laws of the State of Nevada with an address P.O. Box 2345, Boerne, Texas 78006

### JURISDICITON

3. Fossil incorporates by reference paragraphs 1-2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. LoganTree has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on the filing of this action, venue is proper, though not necessarily convenient, in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

### COUNT I: DECLARATION REGARDING NON-INFRINGEMENT OF U.S. PAT. NO. 6,059,576

7. Fossil incorporates by reference paragraphs 1-6 above.

8.      Based on the filing of this action and at least Fossil's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Fossil infringes U.S. Patent No. 6,059,576, as reexamined (the "'576 Patent").

9.      Fossil does not infringe at least Claim 1 of the '576 Patent because, *inter alia*, the accused system does not include: (1) "a movement sensor capable of measuring data associated with unrestrained movement in any direction and generating signals indicative of said movement," (2) "a power source," (3) "a microprocessor connected to said movement sensor and to said power source, said microprocessor capable of receiving, interpreting, storing and responding to said movement data based on user-defined operational parameters," (4) "detecting a first user-defined event based on the movement data and at least one of the user-defined operational parameters regarding the movement data, and storing first event information related to the selected first user-defined event along with the first time stamp information reflecting a time at which the movement data causing the first user-defined event occurred," (5) "at least one user input connected to said microprocessor for controlling the operation of said device," (6) "a real-time clock connected to said microprocessor," (7) "memory for storing said movement data," (8) "an output indicator connected to said microprocessor for signaling the occurrence of user-defined events," and/or (9) "said movement sensor measures the angle and velocity of said movement."

10.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Fossil requests a declaration by the Court that Fossil has not infringed and does not infringe any claim of the '576 Patent under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

### COUNT II: DECLARATION REGARDING INVALIDITY OF U.S. PAT. NO. 6,059,576

11.     Fossil incorporates by reference paragraphs 1-10 above.

12. Based on the filing of this action and at least Fossil's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '576 Patent.

13. The claims of the '576 Patent are invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 102, 103, and the rules, regulations, and laws pertaining thereto. More specifically, the claims are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 5,919,149, 5,573,013, 5,027,824, and 4,883,063. Fossil reserves the right to assert additional prior art and/or other invalidity defenses against the '576 Patent in accordance with the Court's Local Patent Rules.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Fossil requests a declaration by the Court that claims of the '576 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## JURY DEMAND

Fossil hereby demands trial by jury on all issues in these Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Fossil asks this Court to enter judgment in Fossil's favor and against LoganTree by granting the following relief:

a) a declaration that the '576 Patent is invalid;

b) a declaration that Fossil does not infringe, under any theory, any valid claim of the '576 Patent that may be enforceable;

c) a declaration that LoganTree take nothing by its Complaint;

d) judgment against LoganTree and in favor of Fossil;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Fossil of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Fossil requests a trial by jury on all issues triable of right by a jury.

Dated:  September 17, 2021

FISH & RICHARDSON P.C.

*/s/ Jeremy D. Anderson*
Jeremy D. Anderson (No. 4515)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19801
(302) 658-5070 (Telephone)
(302) 652-0607 (Facsimile)
janderson@fr.com

Neil J. McNabnay
Ricardo J. Bonilla
Adil A. Shaikh (*pro hac vice forthcoming*)
1717 Main Street, Suite 5000
Dallas, Texas 75201
mcnabnay@fr.com
rbonilla@fr.com
shaik@fr.com

**COUNSEL FOR DEFENDANT FOSSIL GROUP, INC.**