# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOGANTREE LP<br><br>*Plaintiff,*<br><br>v.<br><br>FOSSIL GROUP, INC.<br><br>*Defendant.* | C.A. No. 21-cv-0385-JDW<br><br>JURY TRIAL DEMANDED |

## LOGANTREE'S OPPOSITION TO DEFENDANTS' MOTION TO STAY LITIGATION PENDING INTER PARTES REVIEW

**CHIPMAN BROWN CICERO & COLE, LLP**
Gregory E. Stuhlman (#4765)
stuhlman@chipmanbrown.com
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Phone: (302) 295-0191

***Attorneys for the Plaintiff LoganTree LP***

Dated: October 7, 2022

# TABLE OF CONTENTS

Page

I. NATURE AND STAGE OF THE PROCEEDINGS ................................................. 1

II. SUMMARY OF ARGUMENT ................................................................................. 1

III. STATEMENT OF FACTS ........................................................................................ 2

IV. ARGUMENTS AND AUTHORITIES ..................................................................... 3

    A. A stay will not simplify the issues for trial. ................................................. 4

        1. Thirty-three of the Asserted Claims are not subject to the Apple IPRs. 4

        2. The lack of IPR estoppel further limits the potential for simplification in this case. ................................................................. 5

        3. There is little overlap between the remaining issues before the PTAB and the issues before this Court. ................................................. 5

    B. This case has been pending for almost nineteen months with significant disclosures and dispositive briefing completed; granting the stay could delay trial by more than a year. ................................................................. 7

    C. Staying this matter would unduly prejudice LoganTree by hampering its ability to prove its claims and by devaluing the '576 Patent. ....................... 8

V. CONCLUSION ........................................................................................................ 9

00036523.2

ii


# **TABLE OF AUTHORITIES**

**Cases**

*Eagle View Techs., Inc. v. Xactware Sols., Inc.*,
 No. 15-7025, 2016 WL 7165695 (D.N.J. Dec. 7, 2016).............................................................. 8

*Invensas Corp. v. Samsung Elecs. Co.*,
 No. 17-1363, 2018 WL 4762957 (D. Del. Oct. 2, 2018) ......................................................... 6,

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
 No. 18-452, 2019 WL 3943058 (D. Del. Aug. 21, 2019) .......................................................... 5

*Murata Machinery USA v. Daifuku Co., Ltd.*,
 830 F.3d 1357, 1361 (Fed. Cir. 2016).......................................................................................... 4

*RideShare Displays, Inc. v. Lyft, Inc.*,
 No. 20-1629-RGA-JLH, 2021 WL 7286931 (D. Del. Dec. 17, 2021) ...................................... 3

*SoftView LLC v. Apple Inc.*,
 No. 10-389, 2012 WL 3061027 (D. Del. July 26, 2012) ........................................................... 7

*Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs.*, Inc.,
 193 F. Supp. 3d 345, 348 (D. Del. 2016).............................................................................. 4, 7

*TruePosition, Inc. v. Polaris Wireless, Inc.*,
 No. 12-646, 2013 WL 5701529 (D. Del. Oct. 21, 2013)……………………………………..6

*Universal Secure Registry, LLC, v. Apple Inc., Visa Inc., & Visa U.S.A., Inc.*,
 No. 17-585, 2018 WL 4486379 (D. Del. Sept. 19, 2018)........................................................... 8

*Walker Digital, LLC v. Google, Inc.*,
 No. 11-318, 2014 WL 2880474 (D. Del. June 24, 2014) .......................................................... 8

**Statutes**

35 U.S.C. § 101................................................................................................................... 1, 3, 7

35 U.S.C. § 112......................................................................................................................... 3

35 U.S.C. § 311(b) .................................................................................................................... 6

35 U.S.C. § 315(e) .................................................................................................................... 4

35 U.S.C. § 315(e)(2)............................................................................................................. 3, 5

35 U.S.C. § 316(a)(11)........................................................................................................... 3, 7

I. **NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiff LoganTree LP ("LoganTree") filed this case on March 16, 2021, asserting infringement of its U.S. Patent No. 6,059,576 (the "'576 Patent") by several of Defendant Fossil Group, Inc.'s ("Fossil") fitness tracking smartwatches. *See* D.I. 1 at pp. 6–10; *see also* D.I. 34 at 6–11. The Parties have already briefed—and LoganTree has won—the issue of patentability under 35 U.S.C. § 101. *See generally* D.I. 10, D.I. 18, D.I. 21, and D.I. 25. Currently, the Parties are in the middle of claim construction briefing, with the initial briefs due on October 21, 2022. *See* D.I. 54 at 2.

Fossil is now seeking to stay these proceedings based on the institution of a third party's *inter partes* reviews of the '576 Patent. LoganTree respectfully asks this Court to deny Fossil's Motion to Stay Litigation Pending *Inter Partes* Review ("Motion," D.I. 59) for the following reasons.

II. **SUMMARY OF ARGUMENT**

A stay is not appropriate here, because Fossil has not met its burden to show that the circumstances support an exercise of the Court's discretion to stay.

First, a stay in this case would serve only to delay, it would likely not result in any meaningful simplification of the issues in the case. This is because more than half of the Asserted Claims are not challenged in the Apple IPR, because many of the issues in this litigation are not before the PTAB, because several of the unchallenged Asserted Claims contain unique limitations that will not be impacted by the PTAB's decision, and because Fossil will not be bound by IPR estoppel (so it could rehash the same arguments from the Apple IPR if the PTAB does not invalidate the claims).

Second, the parties have already invested a significant amount into this litigation, while the IPR is still at an early stage. A stay would not issue in time to prevent the parties from having to do most of the work underlying the claim construction briefing, and issuing the stay would result in a massive delay to the resolution of the dispute between the Parties.

Finally, staying this case would unduly prejudice LoganTree—it would harm the value of the '576 Patent (a serious concern for a Patent that is at the end of its term), and it would risk the loss of key evidence.

Each of these factors weighs against granting Fossil's motion.

### III.   STATEMENT OF FACTS

On October 15, 2021, Apple, Inc. ("Apple"), which is not a party to the present litigation, filed a pair of petitions for *inter partes* review (the "Apple IPRs") of the '576 Patent at issue in this case. Nos. IPR2022-00037, IPR2022-00040. Sadly, and unexpectedly, LoganTree's patent counsel passed away soon afterward, and LoganTree did not file a preliminary response to either of the petitions. *See* Ex. D (IPR2022-00037). With no meaningful opposition on file, the PTAB instituted both of the Apple IPRs on September 1, 2022. Ex. D (IPR2022-00037); *see also* Ex. E (IPR2022-00040).

The Apple IPRs challenge thirty-two of the '576 Patent's claims: 1–5, 8–11, 20, 25, 30–32, 36, 39–42, 45–51, 61–65, 144, and 147 (the "Challenged Claims"). *Id.* These thirty-two challenged claims make up about half of the sixty-five claims that LoganTree is asserting against Fossil in this case: Claims 1–5, 7–11, 20, 21, 23, 25, 30-32, 36, 39–42, 44–51, 54–58, 61–65, 104, 113–116, 118–120, 122, 123, 127–131, 134–138, 144, 146, 147, 175, 177 and 178 (the "Asserted

Claims"). *See* Ex. B at 2 (LoganTree's Infringement Contentions). The remaining thirty-three Asserted Claims[1] are not challenged in the Apple IPRs.

Based solely on the institution of the Apple IPRs—which faced no meaningful opposition, which challenge ***fewer than half*** of the claims at issue in this case, and which will have ***absolutely no estoppel effect on Fossil*** under 35 U.S.C. § 315(e)(2)—Fossil seeks to stay this case until the IPRs are resolved, which could be as late as March 1, 2024. *See* 35 U.S.C. § 316(a)(11) (setting the deadline for a final written decision at one year from institution and allowing up to a six-month extension).

Meanwhile, this case is almost nineteen months old. *See generally* D.I. 1 (dated March 16, 2021). As stated above in Part I, claim construction is underway, with the initial briefs due on October 21, 2022. *See* D.I. 54 at 2. The Parties have already briefed the issue of validity under 35 U.S.C. § 101. *See generally* D.I. 10, D.I. 18, D.I. 21, and D.I. 25. Fossil also has a pending challenge to validity on indefiniteness grounds under 35 U.S.C. § 112. *See* D.I. 58 at 9–12.

IV.    **ARGUMENTS AND AUTHORITIES**

The movant bears the burden to show that the circumstances support an exercise of the court's discretion to stay. *RideShare Displays, Inc. v. Lyft, Inc.,* No. 20-1629-RGA-JLH, 2021 WL 7286931, at *1 (D. Del. Dec. 17, 2021) (citing *Clinton v. Jones,* 520 U.S. 681, 708 (1997)). This Court has typically considered three factors when deciding a motion to stay: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether

---

[1] In its opening brief, Fossil incorrectly states that "[t]he only claims asserted here but not challenged in the Apple IPRs are dependent claims 6, 175, 177, and 178." D.I. 60 at n.1, 4. But, as discussed in greater detail below, the actual number of unchallenged claims asserted in this case is **thirty-three**, not four. *See infra* Part IV Section 1.

discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage. *See, e.g., Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs.*, Inc., 193 F. Supp. 3d 345, 348 (D. Del. 2016); *see also Murata Machinery USA v. Daifuku Co., Ltd.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016). These factors do not favor a stay here.

      **A.**    **A stay will not simplify the issues for trial.**

Based solely on these institution decisions—which were essentially unopposed, which leave **thirty-three** of the Asserted Claims unchallenged, and which will have **absolutely no estoppel effect on Fossil** under 35 U.S.C. § 315(e)—Fossil seeks to stay this case until the Apple IPRs are resolved, which could be as late as March 1, 2024. The IPR institution decisions in this case presents far less potential for simplification than is typical.

      *1.*    *Thirty-three of the Asserted Claims are not subject to the Apple IPRs.*

Fossil states that there are only four claims asserted here that are not challenged in the Apple IPRs: Claims "6, 175, 177, and 178." D.I. 60 at 4, n.1. But Fossil's count is off by an order of magnitude—the correct number is **thirty-three**: Claims 7, 21, 23, 44, 54–58, 104, 113–116, 118–120, 122, 123, 127–131, 134–138, 146, 175, 177, and 178. *Compare* Ex. B at 2 *with* D.I. 60 at n.4. With only **half** of the asserted claims subject to the Apple IPRs, the potential for simplification of the issues for trial is limited, at best.

Additionally, a significant portion of the thirty-three asserted but unchallenged claims contain unique limitations which are entirely absent from the claims subject to the Apple IPRs. For example, Claims 146 and 177 add a limitation where the accused instrumentality monitors for "movement exceeding a predefined speed," a limitation which appears in none of the claims subject to the Apple IPRs. *See* Ex. C ('576 Patent). This is just one example of many—other

limitations in the asserted claims that are not subject to the Apple IPRs include limitations where data is "downloaded to [a] computer via a wireless connection," (*id.* at Claims 54 and 127), a variety of limitations regarding various thresholds (*e.g.*, *id.* at Claims 55–58 and 128–131), and a limitation specifying details of the "output indicator" (*id.* at Claim 44). Regardless of the outcome of the IPR, the Court cannot possibly benefit from the PTAB's guidance on limitations that are not in front of the PTAB to begin with—limitations that will still need to be litigated in this case regardless of (or possibly because of) the PTAB's possible elimination of the claims before it.

### 2. The lack of IPR estoppel further limits the potential for simplification in this case.

Because Fossil is not a party to the Apple IPR proceedings, it is not bound by the statutory estoppel effects of that proceeding. *See* 35 U.S.C. § 315(e)(2) ("The petitioner in an inter partes review . . . that results in a final written decision . . . may not assert . . . in a civil action . . . that the claim is invalid on any ground that the petitioner raised ***or reasonably could have raised during that inter partes review***"). Without estoppel binding Fossil to the full extent of § 315, Fossil could retain the right to present a nearly full-blown prior art case for the '576 Patent after the requested stay lifts—dramatically undercutting any simplification of the issues that might otherwise have occurred. *See id.*; *see also IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-452, 2019 WL 3943058, at *11 (D. Del. Aug. 21, 2019) (discussing the problems raised caused by limited estoppel of less than full scope, but justifying them as "not fatal to [the] argument for a stay" where the defendant, unlike Fossil in the present case, had also filed its own separate IPR petition).

### 3. There is little overlap between the remaining issues before the PTAB and the issues before this Court.

"Courts in this district disfavor a stay under these circumstances, in which the issues for trial may not entirely overlap with those to be reviewed by the PTAB." *Invensas Corp. v. Samsung*

*Elecs. Co.*, No. 17-1363, 2018 WL 4762957, at *3 (D. Del. Oct. 2, 2018). Where "other challenges, including § 112 arguments, are presented in the litigation which will not be addressed in the IPR proceedings, a stay is disfavored." *Id.* (quoting *TruePosition, Inc. v. Polaris Wireless, Inc.*, No. 12-646, 2013 WL 5701529, at *5 (D. Del. Oct. 21, 2013)) (internal quotations omitted). Here, even if the Apple IPRs are successful, there are many issues present in this case that the PTAB simply cannot and will not address and that will, thus, have to be litigated before this Court.

For example, Fossil has raised two § 112 arguments as challenges to the validity of the Asserted Claims—it challenges the terms "predetermined type of movement" and "unrestrained movement in any direction" as indefinite. *See* D.I. 58 at 9–12. But an IPR is limited to invalidity arguments based on anticipation and obviousness (and even then, only based on prior art consisting of patents or printed publications). 35 U.S.C. § 311(b). Additionally, even outside the scope of the § 112 challenge, neither of these terms appear to be set to "be addressed in the IPR Proceedings." *TruePosition*, 2013 WL 5701529, at *5; *see also* Ex. D at 8–9 (not including "predetermined type of movement" and "unrestrained movement in any direction" as terms to be construed).

In fact, aside from the validity under § 103 of a portion of the Asserted Claims, the only other issue before the PTAB is the construction of a single term—"movement sensor."[2] Meanwhile, Fossil has proposed constructions for eight terms in this case. *Compare* D.I. 58 at 2–9 *with* Ex. D at 8–9. Even if every single Challenged Claim is invalidated by the PTAB, each of Fossil's proposed eight terms for construction would appear in at least one of the thirty-three surviving Asserted Claims. *Id.* Because the § 112 and claim construction issues do "not entirely overlap with those to be reviewed by the PTAB," a stay is not warranted here. *See Invensas*, 2018 WL 4762957, at *3.

---

[2]  The PTAB has tentatively indicated that it will not construe this term. *See* Ex. D at 8–9.

> **B.     This case has been pending for almost nineteen months with significant disclosures and dispositive briefing completed; granting the stay could delay trial by more than a year.**

In weighing the second factor ("the status of the litigation, particularly whether discovery is complete and a trial date has been set," *LG Elecs.*, 193 F. Supp. 3d at 348), "the early stage of the litigation must be balanced against the stage of the [Patent Office] proceedings . . ." *SoftView LLC v. Apple Inc.*, No. 10-389, 2012 WL 3061027, at *4 (D. Del. July 26, 2012) (denying a motion to stay in a reexamination context).

Here, the IPRs have only just begun. With an institution date of September 1, 2022, a final written decision could come as late as March 1, 2024—and appeals could push this back even further. *See* Nos. IPR2022-00037, IPR2022-00040; *see also* 35 U.S.C. § 316(a)(11) final written decision.).

In comparison, LoganTree filed this case on March 16, 2021—almost nineteen months ago. *See generally* D.I. 1. A significant portion of the work has already been done: the Parties have already briefed a dispositive motion challenging patentability under 35 U.S.C. § 101 disclosures, initial invalidity contentions, and initial infringement contentions done (*see* D.I. 54 at 1–2); and the Parties are currently in the middle of claim construction briefing. *Id.*; *see also* D.I. 58. In fact, the opening claim construction briefs are due on October 21, 2022—only one week after Fossil's reply brief is due in this stay briefing. *See* D.I. 54 at 1–2. While a trial date is not yet set in this case, the current schedule will likely place the trial date in late 2023 or early 2024—likely ***before*** the PTAB's decision in the Apple IPRs. *See* D.I. 54 at 3 (the last given deadline, briefing on case dispositive motions, is set to end on September 29, 2023).

In short, the stage of litigation weighs against a stay. *See, e.g.*, *SoftView LLC v. Apple Inc.*, No. 10-389, 2012 WL 3061027, at *4 (D. Del. July 26, 2012) (Denying a stay even where "litigation remains at a relatively early stage," the "Court has not set a trial date, the parties have

taken only limited discovery, and the claim construction process has not yet begun" because "[a]lthough the relatively early stage of the litigation often favors a stay, in this particular case the economies that might otherwise flow from granting a stay early in a case are somewhat offset by the substantial resources already incurred by both the parties and the Court in this litigation."); *see also Eagle View Techs., Inc. v. Xactware Sols., Inc.*, No. 15-7025, 2016 WL 7165695, at *8 (D.N.J. Dec. 7, 2016) (the "litigation stage" factor weighed against a stay "even though no depositions have yet been taken and Markman briefs have not been filed," because of the work the parties and the court had done, including the briefing and ruling on a motion to dismiss under § 101).

   **C.** **Staying this matter would unduly prejudice LoganTree by hampering its ability to prove its claims and by devaluing the '576 Patent.**

  The sole inventor of the '576 Patent, Mr. Theodore Brann, passed away in August 2021 after the present suit was filed. *See* Ex. F at 1 (Theodore Lane Brann Obituary). This loss of a key witness places an inordinate amount of significance on the remaining sources of evidence aside from live witness testimony—any stay would unduly prejudice LoganTree by increasing the risk that the remaining sources of evidence could be lost. *See Universal Secure Registry, LLC, v. Apple Inc., Visa Inc., & Visa U.S.A., Inc.*, No. 17-585, 2018 WL 4486379, *4 (D. Del. Sept. 19, 2018) (determining that the "undue prejudice or tactical advantage" factor weighed against a stay when there was a risk of the loss of evidence due to the inventor's poor health). Additionally, as this Court has recognized, ongoing infringement lowers the value of a patent as a licensing asset. *Walker Digital, LLC v. Google, Inc.*, No. 11-318, 2014 WL 2880474, at *1 (D. Del. June 24, 2014) (Denying a stay even where the plaintiff did not practice the patents, because "the longer [the defendant] is allowed to engage in allegedly infringing activity, the lower the value of the patents becomes as licensing assets."). Here, a stay would cause LoganTree undue prejudice.

## V.  CONCLUSION

For the reasons stated above, LoganTree respectfully asks this Court to deny Fossil's Motion to Stay Litigation Pending Inter Partes Review (D.I. 59).

Dated: October 7, 2022

Respectfully submitted,

/s/ *Gregory E. Stuhlman*
**CHIPMAN BROWN CICERO & COLE, LLP**
Gregory E. Stuhlman (#4765)
stuhlman@chipmanbrown.com
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Phone: (302) 295-0191

*Of Counsel:*

**MCCATHERN, PLLC**
Arnold Shokouhi
Christopher M. Barkley
James E. Sherry
Arnolds@mccathernlaw.com
cbarkley@mccathernlaw.com
jsherry@mccathernlaw.com
3710 Rawlins Street, Suite 1600
Dallas, TX 75219
Phone: (214) 741-2662
Facsimile: (214) 741-4717

**AHMAD, ZAVITSANOS & MENSING P.C.**
Jason McManis
Weining Bai
Colin Phillips
Sujeeth Rajavolu
jmcmanis@azalaw.com
wbai@azalaw.com
cphillips@azalaw.com
srajavolu@azalaw.com
1221 McKinney, Suite 2500
Houston, TX 77010
Phone: (713) 655-1101
Facsimile: (713) 655-0062

***Attorneys for Plaintiff LoganTree LP***