**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LOGANTREE LP, <br><br>　　　　　　Plaintiff, <br><br>　v. <br><br> FOSSIL GROUP, INC., <br><br>　　　　　　Defendant. | C.A. No. 1:21-cv-00385-JDW <br><br> **DEMAND FOR JURY TRIAL** |

**PLAINTIFF'S MOTION TO COMPEL**

Pursuant to FED. R. CIV. P. 37(a)(3)(B), Plaintiff LoganTree LP respectfully moves the Court to compel Defendant Fossil Group, Inc. to provide substantive responses that actually answer LoganTree's Interrogatory No. 3 (which seeks Fossil's contentions as to the hypothetical negotiation date) and Interrogatory No. 6 (which seeks Fossil's non-infringement contentions).

## I.　FACTUAL BACKGROUND

On **December 20, 2022**, LoganTree served Interrogatories, including Nos. 3 and 6. *See* Ex.1. LoganTree later agreed to extend Fossil's deadline to these Interrogatories by one week to January 26, 2023.

Despite the extension, Fossil punted on its responses. *See* Ex. 2 at 8,10.  Fossil refused to identify a hypothetical negotiation date contention in response to Interrogatory No. 3, and did not articulate a single non-infringement position in response to Interrogatory No. 6, let alone provide any supporting factual bases as requested. *Id.*

On **February 10, 2023**, LoganTree conferred telephonically and by email with Fossil, requesting that Fossil supplement its Responses to Interrogatory Nos. 3 and 6. *See* Ex. 4 at 2.  At that time, Fossil contended it was premature to identify non-infringement contentions in light of the fact that the Court had not issued its claim construction rulings.

00045473.2

On **February 21** (the date that the Court issued its *Markman* Order), LoganTree again called and emailed Fossil asking for supplemental responses to Interrogatory Nos. 3 and 6. *Id.* at 1–2. Fossil responded and promised to supplement its responses by Tuesday, February 28th. *Id.* at 1.

Fossil's supplemental responses were both late and insufficient. On **March 2, 2023**, Fossil served its "Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories (Nos. 3, 6)." Ex. 3. These supplemental responses *again* failed to meaningfully respond to the Interrogatories, as detailed in the Argument section below.

On **March 7**, LoganTree and Fossil had a fourth telephonic meet-and-confer.[1] Afterwards, Fossil promised that it "will supplement the interrogatories (Nos. 3 and 6) by Tuesday (3/14)." Ex. 5 at 1.

On **March 14**, Fossil reneged on its promise again and provided no supplemental responses to either Interrogatory.

## II.   ARGUMENT

If a party fails to answer an interrogatory, a party seeking discovery may move for an order compelling an answer. FED. R. CIV. P. 37(a)(3)(B). An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond. FED. R. CIV. P. 37(a)(4).

### A.   Fossil's responses are evasive and incomplete.

LoganTree's Interrogatory Nos. 3 and 6 read as follows:

> **INTERROGATORY NO. 3:** Identify the date that you contend is the date for the hypothetical negotiation under *Georgia-Pacific Corp. v. U.S. Plywood Corp.* and describe why you contend that is the proper date.
> […]
> **INTERROGATORY NO. 6:** If You contend that any of the Accused Products do not infringe any asserted claim of the '576 Patent, please identify the specific reasons why, including but not limited to the element

---

[1] This meet-and-confer included Delaware counsel for both Parties.

> or elements of each claim that You assert the Accused Products do not practice, **and describe with particularity the basis for Your contention**, including the specific evidence that You assert proves that a particular claim limitation is not satisfied by that Accused Product.

*See* Ex.1 at p.9 (emphasis added).

Fossil originally refused to respond to No. 3 because it was "premature." Ex. 3 at 6–7. Fossil's supplemental response was little improved: "Fossil identifies November 2015 as ***a potentially relevant date***, which is the earliest relevant release date for one or more of the Accused Products." *Id.* at 7. This answer does not identify Fossil's actual contention as to what is the date the parties would have engaged in a hypothetical negotiation for a license to the Patent-In-Suit for a reasonable royalty.

Fossil's response to No. 6 is even more deficient. It merely recites claim elements and accuses LoganTree's Preliminary Infringement Contentions of being inadequate. *See id.* at 8–13. First, this Response does not specify whether these are the claim limitation that *Fossil contends* that its products do not meet. Second, this Response makes no effort to "describe with particularity the basis" for any non-infringement contention. Fossil cannot answer a contention interrogatory on its own non-infringement positions by complaining about LoganTree's infringement contentions.

Importantly, Fossil has affirmatively asserted a counterclaim for declaratory judgment of noninfringement. *See* D.I. 37 at 9–10. To assert this claim, Fossil must have had a Rule 11 basis. This further renders inappropriate Fossil's attempt to brush off the need to identify its non-infringement positions.

      **B.**    **Contention Interrogatories on infringement and damages issues are not premature.**

Fossil's disclosures of its hypothetical negotiation date (Interrogatory No. 3) and its non-infringement position (Interrogatory No. 6) are necessary to allow LoganTree to take specific

discovery to rebut those contentions, which avoids the "trial by surprise" that the Federal Rules were designed to prevent. *See O2 Micro Int'l Ltd v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006) ("[D]iscovery allows the plaintiff to develop ***facts*** to support the theory of the complaint . . . [and] is designed to allow . . . the plaintiff to pin down the defendant's theories of defense, thus confining discovery and trial preparation to information that is pertinent to the theories of the case."). The Discovery cut off is May 5, 2023. D.I. 54 at 2. LoganTree needs to serve its latest discovery requests, which would target Fossil's specific non-infringement and damages related contentions, no later than April 5. Meanwhile, LoganTree must review source code, inspect accused products, and take depositions soon in the next two months. LoganTree is entitled to do so with clarity of Fossil's key non-infringement and damages contentions, especially given that Fossil should have provided these responses by January.

Nor is Fossil correct that contention interrogatories must wait until expert discovery. This Court routinely orders contentions discovery on infringement and damages issues during fact discovery. *See*, *e.g.*, Ex. 6, *MG FreeSites Ltd. v. Scorpcast, LLC d/b/a HaulStars*, 1-20-cv-01012 (D. Del., Mar. 13, 2023), D.I. 305 (compelling responses to contention interrogatories on damages and infringement issues during fact discovery); Ex. 7, *ConforMIS, Inc. v. DePuy Synthes, Inc.*, 1-21-cv-00640 (D. Del., December 12, 2022), D.I. 91 (compelling a response to the plaintiff's interrogatories seeking the defendant's non-infringement positions well before close of fact discovery: "Defendant shall provide to Plaintiff ***detailed noninfringement positions*** that identify each specific claim limitation that Defendant contends is not infringed ***along with support for each contention***.") (emphasis added); Ex. 8, *PACT XPP Schweiz AG v. Intel Corporation*, 1-19-cv-01006 (D. Del., May 18, 2020), D.I. 86 (determining, months prior to the close of discovery, that "[the defendant's] bases for its marking defense are relevant to its marking defense and

therefore fall within the broad scope of relevant under Rule 26" and ordering that "[the defendant] shall provide to [the plaintiff] its analysis and bases for asserting that the [allegedly unmarked products] embody the patents-at-issue."). And this Court, in applying the principles of notice pleading and liberal discovery, has held that a "defendant ***cannot simply claim non-infringement and limit discovery according to its view of the case***." *Rohm & Haas Co. v. Brotech Corp.*, 1990 U.S. Dist. LEXIS 20117, at *20 (D. Del. Sept. 14, 1990) (emphasis added).

### III.  CONCLUSION

For the reasons stated herein, LoganTree requests that the Court order Fossil to serve the following supplemental interrogatory responses within five (5) days:

- a Response to Interrogatory No. 3 that specifically identifies Fossil's contended hypothetical negotiation date, and state the reasons for that contention; and

- a Response to Interrogatory No. 6 that specifically identifies the claim limitations that Fossil contends the Accused Products do not infringe, and describe the factual bases for such contentions.

| | |
|---|---|
| Dated: March 16, 2023 | **CHIPMAN BROWN CICERO & COLE, LLP** |
| | |
| | /s/ Gregory E. Stuhlman |
| *Of Counsel:* | Gregory E. Stuhlman (#4765) |
| | Thomas A. Youngman (#6968) |
| Arnold Shokouhi | Hercules Plaza |
| James E. Sherry | 1313 North Market Street, Suite 5400 |
| **MCCATHERN, PLLC** | Wilmington, Delaware 19801 |
| 3710 Rawlins Street, Suite 1600 | (302) 295-0191 |
| Dallas, TX 75219 | stuhlman@chipmanbrown.com |
| (214) 443-4478 | youngman@chipmanbrown.com |
| arnolds@mccathernlaw.com | |
| jsherry@mccathernlaw.com | *Attorneys for Plaintiff LoganTree LP* |

Jason McManis
Weining Bai
Colin Phillips
Sujeeth Rajavolu
Ab Henry
**AHMAD, ZAVITSANOS, & MENSING PLLC**
1221 McKinney St., Suite 2500
Houston, Texas 77010
(713) 655-1101
jmcmanis@azalaw.com
wbai@azalaw.com
cphillips@azalaw.com
srajavolu@azalaw.com
ahenry@azalaw.com