**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

LOGANTREE LP

       *Plaintiff,*

v.

FOSSIL GROUP, INC.

       *Defendant.*

C.A. No. 21-cv-0385-JDW

JURY TRIAL DEMANDED

█████████████████

REDACTED

**STATEMENT OF UNDISPUTED FACTS**

Pursuant to the Honorable Joshua D. Wolson's Policies and Procedures Part II.B.5, Defendant Fossil Group, Inc. ("Defendant" or "Fossil") submits the following Statement of Material Facts.

**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 1**

U.S. Patent No. 6,059,576 (the "Asserted Patent") expired on November 21, 2017. *See* Ex. 2, Inf. Cont. Cover Pleadings, at 2.

**LOGANTREE'S RESPONSE TO NO. 1**

Although this is stated as a legal conclusion, not a fact, LoganTree does not dispute that the Asserted Patent expired on November 20, 2017.

**FOSSIL'S REPLY TO NO. 1**

The parties do not dispute that the Asserted Patent expired on November 20, 2017.

**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 2**

The priority date for the Asserted Patent is November 21, 1997. *See* Ex. 2, Inf. Cont. Cover Pleadings at 2, 4, and Ex., 3, Logan Tree LP 's First Supplemental Objections and Responses to Fossil Group, Inc's First Set of Interrogatories (Nos. 1, 4, 8-11, 14, 17-21) at 7.

**LOGANTREE'S RESPONSE TO NO. 2**

Although this is stated as a legal conclusion, not a fact, LoganTree does not dispute that the priority date of the Asserted Patent is November 21, 1997 based on the evidence available in this case.

**FOSSIL'S REPLY TO NO. 2**

The parties do not dispute that the priority date of the Asserted Patent is November 21, 1997.

**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 3**

Logan Tree accuses the following Fossil devices and types of devices of infringement: (a) Misfit Shine 2; (b) Misfit Ray; (c) Misfit Flare; (d) Misfit Swarovski Activity Crystal; I Misfit Vapor Smartwatch; (f) Misfit Command Hybrid Smartwatch; (g) Misfit Path Hybrid Smartwatch; (h) Misfit Phase Hybrid Smartwatch; (i) Fossil Q Motion Activity Tracker and Sleep Monitor; (j) Fossil Generation 3 Smartwatch; (k) Fossil Q Hybrid Smartwatch; (l) Fossil Generation 1 Smartwatch; (m) Fossil Generation 2 Smartwatch; and (n) Fossil Q Activity Tracker (Reveler and Dreamer) (collectively, the "Accused Products"). *See* Ex., 2, Inf. Cont. Cover Pleadings at 2; *see generally* Inf. Cont. Charts Ex. 13, Martin Infringement Report at p. 297-2619.

**LOGANTREE'S RESPONSE TO NO. 3**

This is a litigation position, not a fact. In addition, because it is not clear how Fossil characterizes the difference between the "devices" and "types of devices," LoganTree objects to Factual Assertion No. 3 as potentially misleading and confusing. Fed. R. Evid. 403. Moreover, infringing functionalities include Fossil's related mobile applications that pair to these devices. *See, e.g.*, Ex. 13, Expert Report of Paul D. Martin on Infringement at 147, 150, 152, 171.

**FOSSIL'S REPLY TO NO. 3**

The parties do not dispute that the "Accused Products" in this case include the following

2

devices: (a) Misfit Shine 2; (b) Misfit Ray; (c) Misfit Flare; (d) Misfit Swarovski Activity Crystal; I Misfit Vapor Smartwatch; (f) Misfit Command Hybrid Smartwatch; (g) Misfit Path Hybrid Smartwatch; (h) Misfit Phase Hybrid Smartwatch; (i) Fossil Q Motion Activity Tracker and Sleep Monitor; (j) Fossil Generation 3 Smartwatch; (k) Fossil Q Hybrid Smartwatch; (l) Fossil Generation 1 Smartwatch; (m) Fossil Generation 2 Smartwatch; and (n) Fossil Q Activity Tracker (Reveler and Dreamer). *See* Ex. 2, Inf. Cont. Cover Pleadings at 2; *see generally* Ex. 13, Martin Infr. Rpt., Infr. Cont. at p. 297-2619.


**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 4**

The accused Fossil Generation 1, Fossil Generation 2, and Fossil Generation 3 smartwatches correspond to the following specific accused devices: Fossil Explorist, Fossil Founder, Fossil Founder 2.0, Fossil Marshall, Fossil Venture, and Fossil Wander. Ex. 12, Expert Report of Ryan Smart, Exhibits 5 and 6.

**LOGANTREE'S RESPONSE TO NO. 4**

The documents cited by Fossil does not establish Factual Assertion No. 4, as those exhibits do not categorize any products into Generations 1, 2, or 3. Ex. 12, Expert Report of Ryan Smart, Exhibits 5 and 6.

**FOSSIL'S REPLY TO NO. 4**

As recognized in Mr. Smart's report (Ex. 12, Expert Report of Ryan Smart n.29), Mr. Smart turned to Fossil's response to LoganTree's Interrogatory No. 9 as the source for which "Fossil Generation" grouping—Fossil Generation 1, Fossil Generation 2, and Fossil Generation 3—certain smartwatches correspond to. Based on that document, collectively, Fossil Generation 1, Fossil Generation 2, and Fossil Generation 3 include: Fossil Q Explorist, Fossil Q Founder, Fossil Q Founder 2.0, Fossil Q Marshal,  Fossil Q Venture, Fossil Q Wander.

**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 5**

LoganTree categorizes the following Fossil devices as "Touchscreens": Fossil Founder, Fossil Founder 2.0, Fossil Marshall, Fossil Wander, Fossil Explorist, Fossil Venture, and Misfit Vapor. *See* Ex. 13, Martin Infringement Report Exhibit D, Inf. Cont. "Touchscreens" Chart at 1, and Ex. 12, Expert Report of Ryan Smart, Exhibits 5 and 6.

**LOGANTREE'S RESPONSE TO NO. 5**

Though Fossil has phrased No. 5 as a litigation position, not a fact, LoganTree does not dispute it has made the above characterization. Fossil's own documents and discovery responses confirm this. *See, e.g.*, Ex. 25 at FOSSIL-LT_0029492 (categorizing the above devices under Touchscreens); Ex, 59, 05-10-2023 Steve Prokup Dep. 20:12-20; 26:21-27:5 (Fossil's corporate representative testifying to the categorization of the above devices under Touchscreens). However, Fossil has disputed its own internal documents and corporate representative testimony by refusing to agree to the representative groups. Ex. 7, Fossil's Third Supplemental to Interrogatory No. 6, at 19 (disputing the representativeness of the products); Ex. 61, Fossil Counsel's March 25, 2023 email ("Fossil does not represent that any of these devices are representative of any other Accused Product.").

**FOSSIL'S REPLY TO NO. 5**

LoganTree's response does not dispute that LoganTree categorizes the aforementioned Fossil devices in the aforementioned manner.

**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 6**

LoganTree categorizes the following Fossil devices as "Hybrids": Fossil Q Hybrid, Misfit Command, Misfit Path, and Misfit Phase. *See* Ex. 13, Martin Infringement Report Exhibit E, Inf.

Cont. "Hybrids" Chart at 1, and Ex. 12, Expert Report of Ryan Smart, Exhibits 5 and 6.

## LOGANTREE'S RESPONSE TO NO. 6

Though Fossil has phrased No. 6 as a litigation position, not a fact, LoganTree does not dispute it has made the above characterization. Fossil's own documents and discovery responses confirm this. *See, e.g.*, Ex. 25 at FOSSIL-LT_0029492 (categorizing the above devices under Trackers); Ex. 59, 05-10-2023 Steve Prokup Dep. 20:12-20; 158:19-23 (Fossil's corporate representative testifying to the categorization of the above devices under Hybrids). Fossil has disputed its own internal documents and corporate representative testimony by refusing to agree to the representative groups. Ex. 7, Fossil's Third Supplemental to Interrogatory No. 6, at 19 (disputing the representativeness of the products); Ex. 61, Fossil Counsel's March 25, 2023 email ("Fossil does not represent that any of these devices are representative of any other Accused Product.").

## FOSSIL'S REPLY TO NO. 6

LoganTree's response does not dispute that LoganTree categorizes the aforementioned Fossil devices in the aforementioned manner.

## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 7

LoganTree categorizes the following Fossil devices as "Trackers": Fossil Motion, Fossil Activity Dreamer, Fossil Activity Reveler, Misfit Shine 2, Misfit Ray, Misfit Flare, and Misfit Swarovski Activity Crystal. *See* Ex. 13 Martin Infr. Rpt., Exhibit C, Inf. Cont. "Trackers" Chart at 1, and Ex. 12, Expert Report of Ryan Smart, Exhibits 5 and 6.

## LOGANTREE'S RESPONSE TO NO. 7

Though Fossil has phrased No. 7 as a litigation position, not a fact, LoganTree does not dispute it has made the above characterization. Fossil's own documents and discovery responses

confirm this. *See, e.g.*, Ex. 25 at FOSSIL-LT_0029492 (categorizing the above devices under Trackers); Ex. 59, 05-10-2023 Steve Prokup Dep. 20:12-20; 97:8-14 (Fossil's corporate representative testifying to the categorization of the above devices under Trackers). Fossil has disputed its own internal documents and corporate representative testimony by refusing to agree to the representative groups. Ex. 7, Fossil's Third Supplemental to Interrogatory No. 6, at 19 (disputing the representativeness of the products); Ex. 61, Fossil Counsel's March 25, 2023 email ("Fossil does not represent that any of these devices are representative of any other Accused Product.").

**FOSSIL'S REPLY TO NO. 7**

LoganTree's response does not dispute that LoganTree categorizes the aforementioned Fossil devices in the aforementioned manner.


**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 8**

Logan Tree inspected source code for following Accused Products, categorized by LoganTree as "Touchscreens": Fossil Marshal. *See* Ex. 13, Expert Report of Paul D. Martin on Infringement at pp. 104, 145, 166.

**LOGANTREE'S RESPONSE TO NO. 8**

LoganTree inspected source code for all the Accused Products under the "Touchscreens" category. *See* Ex. 13, Expert Report of Paul D. Martin on Infringement at 23, 42, 45.

**FOSSIL'S REPLY TO NO. 8**

Fossil was unable to find support for LoganTree's allegation that "all" source code was inspected for the relevant accused products. Dr. Martin's attempt (on page 42, ¶ 34) to indirectly opine on "all" the source code suggests that Dr. Martin did not directly inspect source code for "all" the relevant accused products.

**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 9**

Logan Tree inspected Fossil Marshall source code for only a single version of the Android Wear operating system, version 7.1.1. *See* Ex. 13, Expert Report of Paul D. Martin on Infringement at 104, 145, 166.

**LOGANTREE'S RESPONSE TO NO. 9**

LoganTree inspected source code for all the versions of the Android Wear released during the Infringement Period. *See* Ex. 13, Expert Report of Paul D. Martin on Infringement at 92.

**FOSSIL'S REPLY TO NO. 9**

Fossil was unable to find support for LoganTree's allegation that "all the versions of the Android Wear" source code was inspected for the relevant accused products.  Dr. Martin's attempt (on page 42, ¶ 34) to indirectly opine on "all" the code suggests that Dr. Martin did not directly inspect source code for "all" the relevant accused products.

**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 10**

Logan Tree inspected source code for the following Fossil Accused Products, categorized by LoganTree as "Hybrids": Misfit Command, Misfit Path, Misfit Phase, and Fossil Q Hybrid.  *See generally* Ex. 13, Martin Infr. Rpt., Inf. Conts. at p. 297-2619.

**LOGANTREE'S RESPONSE TO NO. 10**

LoganTree objects to this characterization of the state of discovery as misleading and unfairly prejudicial under Federal Rule of Evidence 403, given the Parties' agreement LoganTree's source code is ongoing.

**FOSSIL'S REPLY TO NO. 10**

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 11

Logan Tree inspected source code for following Fossil Accused Products, categorized by LoganTree as "Trackers": Misfit Swarovski Activity Crystal, Misfit Shine, Misfit Shine 2, Misfit Ray, Misfit Flare, and Fossil Motion. *See generally* Ex. 13, Martin Infr. Rpt., Infr. Conts. at p. 297-2619.

## LOGANTREE'S RESPONSE TO NO. 11

LoganTree objects to this characterization of the state of discovery as misleading and unfairly prejudicial under Federal Rule of Evidence 403, given the Parties' agreement LoganTree's

source code is ongoing.

## FOSSIL'S REPLY TO NO. 11

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 12

The Misfit Path was first available to the public on February 9, 2018. *See* Ex. 6, Fossil 's Second Supplemental Response to LoganTree's ROG No. 6 (March 22, 2023).

**LOGANTREE'S RESPONSE TO NO. 12**

Fossil cites its own unverified Interrogatory Response, presumably prepared by its attorneys, in support of this Factual Assertion. LoganTree objects as hearsay under Federal Rule of Evidence 801 and 802, as well as under Rule 602 for lack of personal knowledge by the drafter of the document as to the statements set forth.

In addition, LoganTree does not seek to recover damages for any Misfit Path devices. Ex. 12, Expert Report of Ryan Smart at Exhs. 5, 6. Therefore, Factual Assertion No. 12 is not probative to any issue in dispute. Fed. R. Evid. 401, 402.

**FOSSIL'S REPLY TO NO. 12**

LoganTree's response indicates skepticism for this Fact, but nowhere does it dispute that the Misfit Path was first available to the public on February 9, 2018, let alone provide contradictory evidence. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature. "[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument. Regardless, Rule

401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019).

**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 13**

The Asserted Patent expired before February 9, 2018. *See* Ex. 2, Inf. Cont. Cover Pleadings at 2.

**LOGANTREE'S RESPONSE TO NO. 13**

Although this is phrased as a legal conclusion, not a fact, LoganTree does not dispute that the Asserted Patent expired before February 9, 2018. But, LoganTree does not seek to recover damages for any accused infringing product that were sold after November of 2017. Therefore, Factual Assertion No. 13 is not probative to any issue in dispute. Fed. R. Evid. 401, 402.

**FOSSIL'S REPLY TO NO. 13**

The parties do not dispute that the Asserted Patent expired before February 9, 2018.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature. LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature. "[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not

made an applicable argument at this stage, let alone provided support for its argument. Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019).

**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 14**

The "Tracker" and "Hybrid" Accused Products contain only an accelerometer sensor (ADXL362). *See* Ex. 13, Expert Report of Paul D. Martin on Infringement, Ex. 13 Exhibits C and E, Inf. Cont. Charts (Trackers and Hybrids), and Ex. 4, Fossil Group, Inc.'s Second Supplemental Objections and Responses to Plaintiff's Second Set of interrogatories (Nos. 9-10) at 23-27.

**LOGANTREE'S RESPONSE TO NO. 14**

There are several sensors used in these products other than an accelerometer. *See, e.g.*, Ex. 21 at FOSSIL-LT_0000097 (ambient light sensor); Ex. 26 at FOSSIL-LT_0029645 (tap or touch sensor); Ex. 23, FOSSIL-LT_0002554 (crown sensor); Ex. 22, FOSSIL-LT_0001673 (temperature and power sensors).

**FOSSIL'S REPLY TO NO. 14**

The only relevant movement sensor accused of infringement for the "Tracker" and "Hybrid" Accused Product is an accelerometer. The "Tracker" and "Hybrid" Accused Products contain only an accelerometer movement sensor, specifically the ADXL362. *See generally* Ex. 13, Expert Report of Paul D. Martin on Infringement, Ex. 13 Exhibits C and E, Inf. Cont. Charts (Trackers and Hybrids).

**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 15**

The "Touchscreen" Accused Products contain an accelerometer-gyroscope sensor (LSM6DS3TR or LSM6DS3). *See* Ex. 13, Expert Report of Paul D. Martin on Infringement at 68,

and Ex. 4, Fossil Group, Inc.'s Second Supplemental Objections and Responses to Plaintiff's Second Set of Interrogatories (Nos. 9-10) at 23-27.

**LOGANTREE'S RESPONSE TO NO. 15**

LoganTree does not dispute No. 15.

**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 16**

The LSM6DS3TR and LSM6DS3 sensors' tilt function does not trigger when a user is walking, running, or going upstairs. *See* Ex. 13, Expert Report of Paul D. Martin on Infringement at 215 (citing STM-000359), and Ex. 13 Exhibit D, Inf. Cont. Chart (Touchscreens).

**LOGANTREE'S RESPONSE TO NO. 16**

The tilt function is configurable, and the trigger event depends on how that functionality is configured. *See* Ex. 13, Expert Report of Paul D. Martin on Infringement at 215 (Citing STM-000359).

**FOSSIL'S REPLY TO NO. 16**

STM-000344 at STM-000359 under the heading "Tilt detection" says that "The tilt function can be used with different scenarios, for example: a) Triggers when phone is in a front pants pocket and the user goes from sitting to standing or standing to sitting; b) Doesn't trigger when phone is in a front pants pocket and the user is walking,  running or going upstairs." While the two scenarios proffered are not necessarily limiting, nowhere in STM-000344 does it say that the tilt function can "trigger when phone is in a front pants pocket and the user is walking,  running or going upstairs."

**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 17**

The LIS3DH sensor is capable of determining whether a device is in portrait or landscape orientation. *See* Ex. 13, Expert Report of Paul D. Martin on Infringement at 219 (citing STM-

000226), and Ex. 13 Exhibit D, Inf. Cont. Chart (Touchscreens).

**LOGANTREE'S RESPONSE TO NO. 17**

LoganTree does not dispute No. 17.

**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 18**

Theodore Brann did not invent movement sensors. *See* Ex. 56, Jeremy Brann Depo. (May 26, 2023) at 57:6-58:1, and Ex. 15, Expert Report of Jeremy Cooperstock on Invalidity at 104-105.

**LOGANTREE'S RESPONSE TO NO. 18**

LoganTree objects to the relevance of No. 19. Fed. R. Evid. 402. No claim of the '576 Patent claims solely "movement sensors." *See* Ex. 1, '576 Pat. At 11:29-14:8, '576 Pat C1 at 1:24-12:41. The only discernible purpose of presenting No. 19 as a "material" fact is to advance an improper framework of assessing patent validity or eligibility by assessing individual claim elements separately, rather than considering each claim as a whole. *Athena Diagnostics, Inc. v. Mayo Collaborative Servs., LLC*, 927 F.3d 1333, 1365 (Fed. Cir. 2019) ("It is inappropriate to dissect the claims into old and new elements and then to ignore the presence of the old elements in the analysis"; "this rule applies to patent eligibility as it does to patentabilty."). Such a factual assertion, however, is improper under Rule 403 because it is designed to be confusing and misleading. Taking individual pieces of claim language out of the context of the claim as a whole is not material to the proper framework for evaluation of patent validity and eligibility. Fed R. Evid. 403.

**FOSSIL'S REPLY TO NO. 18**

LoganTree's response does not dispute that Theodore Brann did not invent movement sensors. LoganTree's allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature. "[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form* that would be admissible in evidence," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). LoganTree's objections under Fed. R. Evid. 403 are premature and vague. Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL

487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 19

Theodore Brann did not invent accelerometers. *See* Ex. 56, Jeremy Brann Depo. (May 26, 2023) at 57:6-58:1, and Ex. 15, Expert Report of Jeremy Cooperstock on Invalidity at 104-105.

## LOGANTREE'S RESPONSE TO NO. 19

LoganTree objects to the relevance of No. 19. Fed. R. Evid. 402. No claim of the '576 Patent claims solely "accelerometers." *See* Ex. 1, '576 Pat. At 11:29-14:8, '576 Pat C1 at 1:24-12:41. The only discernible purpose of presenting No. 19 as a "material" fact is to advance an improper framework of assessing patent validity or eligibility by assessing individual claim elements separately, rather than considering each claim as a whole. *Athena Diagnostics, Inc. v. Mayo Collaborative Servs., LLC*, 927 F.3d 1333, 1365 (Fed. Cir. 2019) ("It is inappropriate to dissect the claims into old and new elements and then to ignore the presence of the old elements in the analysis"; "this rule applies to patent eligibility as it does to patentabilty."). Such a factual assertion, however, is improper under Rule 403 because it is designed to be confusing and misleading. Taking individual pieces of claim language out of the context of the claim as a whole is not material to the proper framework for evaluation of patent validity and eligibility. Fed R. Evid. 403.

## FOSSIL'S REPLY TO NO. 19

LoganTree's response does not dispute that Theodore Brann did not invent accelerometers. LoganTree's allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature. "[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). LoganTree's objections under Fed. R. Evid. 403 are premature and vague. Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 20

Theodore Brann did not invent a power source. *See* Ex. 56, Jeremy Brann Depo. (May 26, 2023) at 57:6-58:1, and Ex. 15, Expert Report of Jeremy Cooperstock on Invalidity at 104-105.

## LOGANTREE'S RESPONSE TO NO. 20

LoganTree objects to the relevance of No. 20. Fed. R. Evid. 402. No claim of the '576 Patent claims solely a "power source." *See* Ex. 1, '576 Pat. at 11:29-14:8, '576 Pat C1 at 1:24-12:41. The only discernible purpose of presenting No. 19 as a "material" fact is to advance an improper framework of assessing patent validity or eligibility by assessing individual claim elements separately, rather than considering each claim as a whole. *Athena Diagnostics, Inc. v. Mayo Collaborative Servs., LLC*, 927 F.3d 1333, 1365 (Fed. Cir. 2019) ("It is inappropriate to dissect the claims into old and new elements and then to ignore the presence of the old elements in the analysis"; "this rule applies to patent eligibility as it does to patentabilty."). Such a factual assertion, however, is improper under Rule 403 because it is designed to be confusing and misleading. Taking individual pieces of claim language out of the context of the claim as a whole

is not material to the proper framework for evaluation of patent validity and eligibility. Fed R. Evid. 403.

**FOSSIL'S REPLY TO NO. 20**

LoganTree's response does not dispute that Theodore Brann did not invent power sources. LoganTree's allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature. "[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019).

LoganTree's objections under Fed. R. Evid. 403 are premature and vague. Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections

as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 21

Theodore Brann did not invent a microprocessor. *See* Ex. 56, Jeremy Brann Depo. (May 26, 2023) at 57:6-58:1, and Ex. 15, Expert Report of Jeremy Cooperstock on Invalidity at 104-105.

## LOGANTREE'S RESPONSE TO NO. 21

LoganTree objects to the relevance of No. 21. Fed. R. Evid. 402. No claim of the '576 Patent claims solely a "microprocessor." *See* Ex. 1, '576 Pat. At 11:29-14:8, '576 Pat C1 at 1:24-12:41. The only discernible purpose of presenting No. 19 as a "material" fact is to advance an improper framework of assessing patent validity or eligibility by assessing individual claim elements separately, rather than considering each claim as a whole. *Athena Diagnostics, Inc. v. Mayo Collaborative Servs., LLC*, 927 F.3d 1333, 1365 (Fed. Cir. 2019) ("It is inappropriate to dissect the claims into old and new elements and then to ignore the presence of the old elements in

the analysis"; "this rule applies to patent eligibility as it does to patentabilty."). Such a factual assertion, however, is improper under Rule 403 because it is designed to be confusing and misleading. Taking individual pieces of claim language out of the context of the claim as a whole is not material to the proper framework for evaluation of patent validity and eligibility. Fed R. Evid. 403.

## FOSSIL'S REPLY TO NO. 21

LoganTree's response does not dispute that Theodore Brann did not invent microprocessors. LoganTree's allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature. "[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument. Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019).

LoganTree's objections under Fed. R. Evid. 403 are premature and vague. Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . .  [to make]

any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 22

Theodore Brann did not invent a real-time clock.  *See* Ex. 56, Jeremy Brann Depo. (May 26, 2023) at 57:6-58:1, and Ex, 15, Expert Report of Jeremy Cooperstock on Invalidity at 104-105.

## LOGANTREE'S RESPONSE TO NO. 22

LoganTree objects to the relevance of No. 22. Fed. R. Evid. 402. No claim of the '576 Patent claims solely a "real-time clock." *See* Ex. 1, '576 Pat. At 11:29-14:8, '576 Pat C1 at 1:24-12:41. The only discernible purpose of presenting No. 19 as a "material" fact is to advance an improper framework of assessing patent validity or eligibility by assessing individual claim

elements separately, rather than considering each claim as a whole. *Athena Diagnostics, Inc. v. Mayo Collaborative Servs., LLC*, 927 F.3d 1333, 1365 (Fed. Cir. 2019) ("It is inappropriate to dissect the claims into old and new elements and then to ignore the presence of the old elements in the analysis"; "this rule applies to patent eligibility as it does to patentabilty."). Such a factual assertion, however, is improper under Rule 403 because it is designed to be confusing and misleading. Taking individual pieces of claim language out of the context of the claim as a whole is not material to the proper framework for evaluation of patent validity and eligibility. Fed R. Evid. 403.

**FOSSIL'S REPLY TO NO. 22**

LoganTree's response does not dispute that Theodore Brann did not invent real-time clocks. LoganTree's allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature. "[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v.*

*Parry*, 930 F.3d 93, 116 (3d Cir. 2019). LoganTree's objections under Fed. R. Evid. 403 are premature and vague. Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 23

Theodore Brann did not invent user input. *See* Ex. 56, Jeremy Brann Depo. (May 26, 2023) at 57:6-58:1, and Ex. 15, Expert Report of Jeremy Cooperstock on Invalidity at 104-105.

## LOGANTREE'S RESPONSE TO NO. 23

LoganTree objects to the relevance of No. 23. Fed. R. Evid. 402. No claim of the '576

Patent claims solely "user input." *See* Ex. 1, '576 Pat. At 11:29-14:8, '576 Pat C1 at 1:24-12:41. The only discernible purpose of presenting No. 19 as a "material" fact is to advance an improper framework of assessing patent validity or eligibility by assessing individual claim elements separately, rather than considering each claim as a whole. *Athena Diagnostics, Inc. v. Mayo Collaborative Servs., LLC*, 927 F.3d 1333, 1365 (Fed. Cir. 2019) ("It is inappropriate to dissect the claims into old and new elements and then to ignore the presence of the old elements in the analysis"; "this rule applies to patent eligibility as it does to patentabilty."). Such a factual assertion, however, is improper under Rule 403 because it is designed to be confusing and misleading. Taking individual pieces of claim language out of the context of the claim as a whole is not material to the proper framework for evaluation of patent validity and eligibility. Fed R. Evid. 403.

## FOSSIL'S REPLY TO NO. 23

LoganTree's response does not dispute that Theodore Brann did not invent user inputs. LoganTree's allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature. "[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form*

that would be admissible in evidence," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). LoganTree's objections under Fed. R. Evid. 403 are premature and vague.  Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 24

Theodore Brann did not invent user-defined parameters. *See* Ex. 56, Jeremy Brann Depo.

(May 26, 2023) at 57:6-58:1, and Ex. 15, Expert Report of Jeremy Cooperstock on Invalidity at 104-105.

## LOGANTREE'S RESPONSE TO NO. 24

LoganTree objects to the relevance of No. 24. Fed. R. Evid. 402. No claim of the '576 Patent claims solely "user-defined parameters." *See* Ex. 1, '576 Pat. at 11:29-14:8, '576 Pat C1 at 1:24- 12:41. The only discernible purpose of presenting No. 19 as a "material" fact is to advance an improper framework of assessing patent validity or eligibility by assessing individual claim elements separately, rather than considering each claim as a whole. *Athena Diagnostics, Inc. v. Mayo Collaborative Servs., LLC*, 927 F.3d 1333, 1365 (Fed. Cir. 2019) ("It is inappropriate to dissect the claims into old and new elements and then to ignore the presence of the old elements in the analysis"; "this rule applies to patent eligibility as it does to patentabilty."). Such a factual assertion, however, is improper under Rule 403 because it is designed to be confusing and misleading. Taking individual pieces of claim language out of the context of the claim as a whole is not material to the proper framework for evaluation of patent validity and eligibility. Fed R. Evid. 403.

## FOSSIL'S REPLY TO NO. 24

LoganTree's response does not dispute that Theodore Brann did not invent user-defined parameters. LoganTree's allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature. "[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does

not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form* that would be admissible in evidence," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). LoganTree's objections under Fed. R. Evid. 403 are premature and vague. Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R.

Evid. 403).

## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 25

Theodore Brann did not invent output indicators.  *See* Ex. 56, Jeremy Brann Depo. (May 26, 2023) at 57:6-58:1, and Ex. 15, Expert Report of Jeremy Cooperstock on Invalidity at 104-105.

## LOGANTREE'S RESPONSE TO NO. 25

LoganTree objects to the relevance of No. 25. Fed. R. Evid. 402. No claim of the '576 Patent claims solely "output indicators." *See* Ex. 1,'576 Pat. at 11:29-14:8, '576 Pat C1 at 1:24-12:41. The only discernible purpose of presenting No. 19 as a "material" fact is to advance an improper framework of assessing patent validity or eligibility by assessing individual claim elements separately, rather than considering each claim as a whole. *Athena Diagnostics, Inc. v. Mayo Collaborative Servs., LLC*, 927 F.3d 1333, 1365 (Fed. Cir. 2019) ("It is inappropriate to dissect the claims into old and new elements and then to ignore the presence of the old elements in the analysis"; "this rule applies to patent eligibility as it does to patentabilty."). Such a factual assertion, however, is improper under Rule 403 because it is designed to be confusing and misleading. Taking individual pieces of claim language out of the context of the claim as a whole is not material to the proper framework for evaluation of patent validity and eligibility. Fed R. Evid. 403.

## FOSSIL'S REPLY TO NO. 25

LoganTree's response does not dispute that Theodore Brann did not invent output indicators. LoganTree's allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature. "[O]bjections for relevance are generally unnecessary on summary judgment because

they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form* that would be admissible in evidence," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument. Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). LoganTree's objections under Fed. R. Evid. 403 are premature and vague. Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding

evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC*, 242 F.R.D. 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 26**

The use of sensors such as accelerometers and gyroscopes was well-understood, routine, and conventional at the time of the Asserted Patent. *See*, e.g., Ex. 1, '576 Patent, 4:42-51 ("In a preferred embodiment, the movement sensor 30 is an accelerometer ... many accelerometers are available on the market[.]"), and Ex. 15, Expert Report of Jeremy Cooperstock on Invalidity at 97-98.

**LOGANTREE'S RESPONSE TO NO. 26**

LoganTree objects to the relevance of No. 26. Fed. R. Evid. 402. No claim of the '576 Patent claims solely "sensors such as accelerometers and gyroscopes." *See* Ex. 1, '576 Pat. At 11:29-14:8, '576 Pat C1 at 1:24-12:41. The only discernible purpose of presenting No. 26 as a "material" fact is to advance an improper framework of assessing patent validity or eligibility by assessing individual claim elements separately, rather than considering each claim as a whole. *Athena Diagnostics, Inc. v. Mayo Collaborative Servs., LLC*, 927 F.3d 1333, 1365 (Fed. Cir. 2019) ("It is inappropriate to dissect the claims into old and new elements and then to ignore the presence of the old elements in the analysis"; "this rule applies to patent eligibility as it does to patentabilty."). Such a factual assertion, however, is improper under Rule 403 because it is designed to be confusing and misleading. Taking individual pieces of claim language out of the context of the claim as a whole is not material to the proper framework for evaluation of patent validity and eligibility. Fed R. Evid. 403.

In addition, the evidence cited by Fossil in support of No. 26 does not establish the factual

assertion. These citations show that sensors such as accelerometers and gyroscopes have been disclosed in the prior art before the filing date of the Asserted Patent. However, those citations do not further establish that such sensors were "well-understood, routine, and conventional," especially in the context of the claimed invention of the '576 Patent when assessing any Asserted Claims as a whole. Similarly, in his expert report, Dr. Cooperstock provides no supporting evidence or further analysis to make the analytical leap from such sensors being disclosed in the prior art to being "well-understood, routine, and conventional." Thus, Dr. Cooperstock's conclusory opinion is not admissible to establish this factual assertion. Fed. R. Evid. 702.

## FOSSIL'S REPLY TO NO. 26

LoganTree fails to put forward any contradictory evidence and merely raises vague attacks on the proffered evidence. LoganTree's allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature. "[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form* that would be admissible in evidence," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v.*

*Parry*, 930 F.3d 93, 116 (3d Cir. 2019). LoganTree's objections under Fed. R. Evid. 403 are premature and vague. Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 27

The use of power sources was well-understood, routine, and conventional at the time of the Asserted Patent. *See*, e.g., Ex. 1, '576 Patent, 4:33-34 ("In the preferred embodiment this power source is a 1.5 volt battery."); 5: 4-7 ("The components of the device 12 receive power from a power source 38. In a preferred embodiment the power source 38 is a 1.5 volt DC battery; however, other power sources, including alternating current, may be used."), and Ex. 15, Expert Report of

Jeremy Cooperstock on Invalidity at 99.

## LOGANTREE'S RESPONSE TO NO. 27

LoganTree objects to the relevance of No. 27. Fed. R. Evid. 402. No claim of the '576 Patent claims solely "power sources." *See* Ex. 1, '576 Pat. at 11:29-14:8, '576 Pat C1 at 1:24-12:41. The only discernible purpose of presenting No. 27 as a "material" fact is to advance an improper framework of assessing patent validity or eligibility by assessing individual claim elements separately, rather than considering each claim as a whole. *Athena Diagnostics, Inc. v. Mayo Collaborative Servs., LLC*, 927 F.3d 1333, 1365 (Fed. Cir. 2019) ("It is inappropriate to dissect the claims into old and new elements and then to ignore the presence of the old elements in the analysis"; "this rule applies to patent eligibility as it does to patentabilty."). Such a factual assertion, however, is improper under Rule 403 because it is designed to be confusing and misleading. Taking individual pieces of claim language out of the context of the claim as a whole is not material to the proper framework for evaluation of patent validity and eligibility. Fed R. Evid. 403.

In addition, the evidence cited by Fossil in support of No. 27 does not establish the factual assertion. These citations show that power sources have been disclosed in the prior art before the filing date of the Asserted Patent. However, those citations do not further establish that such power sources were "well-understood, routine, and conventional," especially in the context of the claimed invention of the '576 Patent when assessing any Asserted Claims as a whole. Similarly, in his expert report, Dr. Cooperstock provides no supporting evidence or further analysis to make the analytical leap from such power sources being disclosed in the prior art to being "well-understood, routine, and conventional." Thus, Dr. Cooperstock's conclusory opinion is not admissible to establish this factual assertion. Fed. R. Evid. 702.

## FOSSIL'S REPLY TO NO. 27

LoganTree fails to put forward any contradictory evidence and merely raises vague attacks on the proffered evidence. LoganTree's allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature. "[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form* that would be admissible in evidence," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). LoganTree's objections under Fed. R. Evid. 403 are premature and vague. Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

### FOSSIL'S UNDISPUTED MATERIAL FACT NO. 28

The use of microprocessors was well-understood, routine, and conventional at the time of the Asserted Patent. *See*, e.g., Ex. 1, '576 Patent, 4:58-62 ("In a preferred embodiment, the microprocessor 32 is a Motorola MC68HC705C8AFN. It should be noted, however, that other low power, programmable microprocessors may be suitable."). and Ex. 15, Expert Report of Jeremy Cooperstock on Invalidity at 99.

### LOGANTREE'S RESPONSE TO NO. 28

LoganTree objects to the relevance of No. 28. Fed. R. Evid. 402. No claim of the '576 Patent claims solely "microprocessors." *See* Ex. 1, '576 Pat. At 11:29-14:8, '576 Pat C1 at 1:24-12:41. The only discernible purpose of presenting No. 28 as a "material" fact is to advance an improper framework of assessing patent validity or eligibility by assessing individual claim elements  separately, rather than considering each claim as a whole. *Athena Diagnostics, Inc. v. Mayo Collaborative Servs., LLC*, 927 F.3d 1333, 1365 (Fed. Cir. 2019) ("It is inappropriate to dissect the claims into old and new elements and then to ignore the presence of the old elements in

the analysis"; "this rule applies to patent eligibility as it does to patentabilty."). Such a factual assertion, however, is improper under Rule 403 because it is designed to be confusing and misleading. Taking individual pieces of claim language out of the context of the claim as a whole is not material to the proper framework for evaluation of patent validity and eligibility. Fed R. Evid. 403.

In addition, the evidence cited by Fossil in support of No. 28 does not establish the factual assertion. These citations show that microprocessors have been disclosed in the prior art before the filing date of the Asserted Patent. However, those citations do not further establish that such microprocessors were "well-understood, routine, and conventional," especially in the context of the claimed invention of the '576 Patent when assessing any Asserted Claims as a whole. Similarly, in his expert report, Dr. Cooperstock provides no supporting evidence or further analysis to make the analytical leap from such microprocessors being disclosed in the prior art to being "well-understood, routine, and conventional." Thus, Dr. Cooperstock's conclusory opinion is not admissible to establish this factual assertion. Fed. R. Evid. 702.

**FOSSIL'S REPLY TO NO. 28**

LoganTree fails to put forward any contradictory evidence and merely raises vague attacks on the proffered evidence. LoganTree's allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not

consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019).

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R.

Evid. 403).

### FOSSIL'S UNDISPUTED MATERIAL FACT NO. 29

The use of user inputs was well-understood, routine, and conventional at the time of the Asserted Patent. *See* Ex. 15, Expert Report of Jeremy Cooperstock on Invalidity at 99.

### LOGANTREE'S RESPONSE TO NO. 29

LoganTree objects to the relevance of No. 29. Fed. R. Evid. 402. No claim of the '576 Patent claims solely "user inputs." *See* Ex. 1, '576 Pat. at 11:29-14:8, '576 Pat C1 at 1:24-12:41. The only discernible purpose of presenting No. 29 as a "material" fact is to advance an improper framework of assessing patent validity or eligibility by assessing individual claim elements separately, rather than considering each claim as a whole. *Athena Diagnostics, Inc. v. Mayo Collaborative Servs., LLC*, 927 F.3d 1333, 1365 (Fed. Cir. 2019) ("It is inappropriate to dissect the claims into old and new elements and then to ignore the presence of the old elements in the analysis"; "this rule applies to patent eligibility as it does to patentabilty."). Such a factual assertion, however, is improper under Rule 403 because it is designed to be confusing and misleading. Taking individual pieces of claim language out of the context of the claim as a whole is not material to the proper framework for evaluation of patent validity and eligibility. Fed R. Evid. 403.

In addition, the evidence cited by Fossil in support of No. 29 does not establish the factual assertion. These citations show that user inputs have been disclosed in the prior art before the filing date of the Asserted Patent. However, those citations do not further establish that such user inputs were "well-understood, routine, and conventional," especially in the context of the claimed invention of the '576 Patent when assessing any Asserted Claims as a whole. Similarly, in his expert report, Dr. Cooperstock provides no supporting evidence or further analysis to make the

analytical leap from such user inputs being disclosed in the prior art to being "well-understood, routine, and conventional." Thus, Dr. Cooperstock's conclusory opinion is not admissible to establish this factual assertion. Fed. R. Evid. 702.

## FOSSIL'S REPLY TO NO. 29

LoganTree fails to put forward any contradictory evidence and merely raises vague attacks on the proffered evidence. LoganTree's allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019).

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited

40

does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 30**

The use of real-time clocks was well-understood, routine, and conventional at the time of the Asserted Patent. Ex. 15, Expert Report of Jeremy Cooperstock on Invalidity at 99.

**LOGANTREE'S RESPONSE TO NO. 30**

LoganTree objects to the relevance of No. 30. Fed. R. Evid. 402. No claim of the '576 Patent claims solely "real-time clocks." *See* Ex. 1,'576 Pat. At 11:29-14:8, '576 Pat C1 at 1:24-12:41.  The only discernible purpose of presenting No. 30 as a "material" fact is to advance an improper framework of assessing patent validity or eligibility by assessing individual claim elements separately, rather than considering each claim as a whole. *Athena Diagnostics, Inc. v.*

*Mayo Collaborative Servs., LLC*, 927 F.3d 1333, 1365 (Fed. Cir. 2019) ("It is inappropriate to dissect the claims into old and new elements and then to ignore the presence of the old elements in the analysis"; "this rule applies to patent eligibility as it does to patentabilty."). Such a factual assertion, however, is improper under Rule 403 because it is designed to be confusing and misleading. Taking individual pieces of claim language out of the context of the claim as a whole is not material to the proper framework for evaluation of patent validity and eligibility. Fed R. Evid. 403.

In addition, the evidence cited by Fossil in support of No. 30 does not establish the factual assertion. These citations show that real-time clocks have been disclosed in the prior art before the filing date of the Asserted Patent. However, those citations do not further establish that such real-time clocks were "well-understood, routine, and conventional," especially in the context of the claimed invention of the '576 Patent when assessing any Asserted Claims as a whole. Similarly, in his expert report, Dr. Cooperstock provides no supporting evidence or further analysis to make the analytical leap from such real-time clocks being disclosed in the prior art to being "well-understood, routine, and conventional." Thus, Dr. Cooperstock's conclusory opinion is not admissible to establish this factual assertion. Fed. R. Evid. 702.

**FOSSIL'S REPLY TO NO. 30**

LoganTree fails to put forward any contradictory evidence and merely raises vague attacks on the proffered evidence. LoganTree's allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985

F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019).

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding

evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 31

The use of computer memory was well-understood, routine, and conventional at the time of the Asserted Patent. *See* Ex. 15, Expert Report of Jeremy Cooperstock on Invalidity at 99.

## LOGANTREE'S RESPONSE TO NO. 31

LoganTree objects to the relevance of No. 31. Fed. R. Evid. 402. No claim of the '576 Patent claims solely "computer memory." *See* Ex. 1,'576 Pat. at 11:29-14:8, '576 Pat C1 at 1:24-12:41. The only discernible purpose of presenting No. 31 as a "material" fact is to advance an improper framework of assessing patent validity or eligibility by assessing individual claim elements separately, rather than considering each claim as a whole. *Athena Diagnostics, Inc. v. Mayo Collaborative Servs., LLC*, 927 F.3d 1333, 1365 (Fed. Cir. 2019) ("It is inappropriate to dissect the claims into old and new elements and then to ignore the presence of the old elements in the analysis"; "this rule applies to patent eligibility as it does to patentabilty."). Such a factual assertion, however, is improper under Rule 403 because it is designed to be confusing and misleading. Taking individual pieces of claim language out of the context of the claim as a whole is not material to the proper framework for evaluation of patent validity and eligibility. Fed R. Evid. 403.

In addition, the evidence cited by Fossil in support of No. 31 does not establish the factual assertion. These citations show that computer memory has been disclosed in the prior art before the filing date of the Asserted Patent. However, those citations do not further establish that such computer memory was "well-understood, routine, and conventional," especially in the context of

the claimed invention of the '576 Patent when assessing any Asserted Claims as a whole. Similarly, in his expert report, Dr. Cooperstock provides no supporting evidence or further analysis to make the analytical leap from such computer memory being disclosed in the prior art to being "well-understood, routine, and conventional." Thus, Dr. Cooperstock's conclusory opinion is not admissible to establish this factual assertion. Fed. R. Evid. 702.

## FOSSIL'S REPLY TO NO. 31

LoganTree fails to put forward any contradictory evidence and merely raises vague attacks on the proffered evidence. LoganTree's allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019).

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 32

The use of output indicators was well-understood, routine, and conventional at the time of the Asserted Patent. *See*, Ex. 15, Expert Report of Jeremy Cooperstock on Invalidity at 99, and e.g., Ex. 1, '576 Patent, 5:20-29 ("The output indicators 44 consist of any combination of audible, visual, or tactile indicators for communicating with the wearer of the device. Audible indicators range from a single pitched tone to voice-synthesized messages in English or any foreign language. Visual indicators which could be used include single, monochromatic LEDs, multiple colored

lights, and/or liquid crystal displays. The tactile indicator used in a preferred embodiment is a conventional vibrator mechanism which can be detected by the wearer.").

**LOGANTREE'S RESPONSE TO NO. 32**

LoganTree objects to the relevance of No. 32. Fed. R. Evid. 402. No claim of the '576 Patent claims solely "output indicators." *See* Ex. 1,'576 Pat. at 11:29-14:8, '576 Pat C1 at 1:24-12:41. The only discernible purpose of presenting No. 32 as a "material" fact is to advance an improper framework of assessing patent validity or eligibility by assessing individual claim elements separately, rather than considering each claim as a whole. *Athena Diagnostics, Inc. v. Mayo Collaborative Servs., LLC*, 927 F.3d 1333, 1365 (Fed. Cir. 2019) ("It is inappropriate to dissect the claims into old and new elements and then to ignore the presence of the old elements in the analysis"; "this rule applies to patent eligibility as it does to patentabilty."). Such a factual assertion, however, is improper under Rule 403 because it is designed to be confusing and misleading. Taking individual pieces of claim language out of the context of the claim as a whole is not material to the proper framework for evaluation of patent validity and eligibility. Fed R. Evid. 403.

In addition, the evidence cited by Fossil in support of No. 32 does not establish the factual assertion. These citations show that output indicators have been disclosed in the prior art before the filing date of the Asserted Patent. However, those citations do not further establish that such output indicators were "well-understood, routine, and conventional," especially in the context of the claimed invention of the '576 Patent when assessing any Asserted Claims as a whole. Similarly, in his expert report, Dr. Cooperstock provides no supporting evidence or further analysis to make the analytical leap from such output indicators being disclosed in the prior art to being "well-understood, routine, and conventional." Thus, Dr. Cooperstock's conclusory opinion is not admissible to establish this factual assertion. Fed. R. Evid. 702.

**FOSSIL'S REPLY TO NO. 32**

LoganTree fails to put forward any contradictory evidence and merely raises vague attacks on the proffered evidence. LoganTree's allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019).

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the

summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).


## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 33

Plaintiff requested reexamination of the Asserted Patent. Ex. 27, FOSSIL-LT 0032767.

## LOGANTREE'S RESPONSE TO NO. 33

LoganTree does not dispute that it submitted the Asserted Patent for reexamination. However, The document cited by Fossil (Ex. 27, FOSSIL-LT_0032767) does not establish factual assertion No. 33. It is a Petition for *Inter Partes* Review filed by non-Party Apple Inc. LoganTree further objects under Rule 403 to the particular use of this document to establish any facts about the file history of the Asserted Patent, when the actual file history is publicly available on the PTO's database and has been produced by LoganTree.

## FOSSIL'S REPLY TO NO. 33

The parties do not dispute that LoganTree requested reexamination of the Asserted Patent. LoganTree's objection under Fed. R. Evid. 403 is misplaced, unnecessary, and premature.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 34

During the reexamination of the Asserted Patent, Plaintiff proposed amended and new claims. Ex. 39, LT 0000001 at LT 0000471-LT 0000510.

## LOGANTREE'S RESPONSE TO NO. 34

Fossil's Factual Assertion No. 34 is not a complete characterization of the evidence cited, which reflects one particular set of claim amendments specifically made in response to an Office Action by the PTO.

As such, LoganTree objects to the relevance of No. 34 under Federal Rule of Evidence

402. While claim amendments made in response to Office Actions during prosecution may be relevant in a dispute about potential prosecution history disclaimer and the corresponding impact on claim scope, the Parties have already litigated claim construction and the Court has issued its *Markman* rulings. There is no live, disputed issue to which prosecution history disclaimer would be probative, and any potential probative value Fossil identifies would be outweighed by the potential risk of needlessly introducing patent office procedural issues that are not necessary to the resolution of any dispute between the Parties, running afoul of Federal Rule of Evidence 403.

## FOSSIL'S REPLY TO NO. 34

The parties do not dispute this Fact, yet LoganTree proceeds to make numerous objections.

LoganTree's allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019).

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 35

No claim of the Asserted Patent is identical to a claim found in the Asserted Patent prior to the reexamination of the Asserted Patent. Ex. 45, LT0016875 at LT0016890-LT0016891, LT0016893- LT0016898.

**LOGANTREE'S RESPONSE TO NO. 35**

LoganTree does not dispute that the claim scope of all claims of the Asserted Patent changed after reexamination, but the evidence Fossil cites shows language of numerous dependent claims (standalone) are the same as they were prior to reexamination.

**FOSSIL'S REPLY TO NO. 35**

The parties do not dispute this Fact, nevertheless LoganTree complains. LoganTree's complaint that "the evidence Fossil cites shows language of numerous dependent claims (standalone) are the same as they were prior to reexamination" fails to appreciate that each dependent claim must have changed in scope since every independent claim changed in scope.

**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 36**

In 1996 Bio Kinetics Corp. was formed "as the vehicle for developing and marketing a device based on the patented technology [] [] called BackTalk." Ex. 3, Fossil Group, Inc.'s First Supplemental Objections and Responses to Plaintiff's Third Set of Interrogatories (Nos. 19-20) at 16-23 (citing LT0003394 at LT0003415).

**LOGANTREE'S RESPONSE TO NO. 36**

Fossil cites its own unverified Interrogatory Response, presumably prepared by its attorneys, in support of this Factual Assertion. LoganTree objects as hearsay under Federal Rule of Evidence 801 and 802, as well as under Rule 602 for lack of personal knowledge by the drafter of the document as to the statements set forth. LoganTree also objects under Federal Rule of Civil Procedure 403 to the admissibility of the entire document in LT0003394, which is a Motion for Reconsideration filed in an earlier, separate legal proceeding involving a different defendant.

LoganTree does not otherwise dispute the factual assertion cited from the Declaration of Theodore Brann (Ex. 41 at LT0003415) that "[i]n 1996, I incorporated a company named Bio

Kinetics Corporation ('Bio Kinetics') in Texas as the vehicle for developing and marketing a device based on the patented technology that we called BackTalk."

**FOSSIL'S REPLY TO NO. 36**

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 403 are premature and vague. Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence

is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections on the grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016). LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.

## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 37

Numerous liens and judgements have been issued against Bio Kinetics Corp., including: a $55,374 federal tax lien in August 2000, and a $17,330 civil judgment in March 2002. *Id,* (citing Bexar County Clerk 's Offices Page/Volume Number 8547-360, Filing Number 20000146840; Bexar County Court Page/Volume Number 432-631, Filing Number 273633).

## LOGANTREE'S RESPONSE TO NO. 37

Fossil cites its own Interrogatory Response, presumably prepared by its attorneys, in support of this Factual Assertion. LoganTree objects as hearsay under Federal Rule of Evidence 801 and 802, as well as under Rule 602 for lack of personal knowledge by the drafter of the document as to the statements set forth. In addition, LoganTree objects under Federal Rule of Procedure 26 and 37, as the documents corresponding to the volume/filing numbers cited have not been produced in this case.

Moreover, LoganTree objects to the relevance of this Factual Assertion under Federal Rule of Evidence 402 as Bio Kinetics is not a party to this case and has never been an owner of the

Asserted Patent. Therefore, any prior tax or civil liabilities involving Bio Kinetics has no probative value to any issues in this case, and can only be confusing and misleading so as to cause unfair prejudice of LoganTree, in violation of Federal Rule of Evidence 403.

**FOSSIL'S REPLY TO NO. 37**

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature. "[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). LoganTree's objections under Fed. R. Evid. 403 are premature and vague. Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary

at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections on the grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016). LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.

LoganTree's objections based on Bio Kinetics being a "third party" has already been

rebutted: as noted in Fossil's discovery response, Bio Kinetics is an alter ego for LoganTree.

## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 38

Bio Kinetics Corp. is currently defunct due to tax forfeiture. *Id,* (citing Filing Number 530636504016).

## LOGANTREE'S RESPONSE TO NO. 38

Fossil cites its own Interrogatory Response, presumably prepared by its attorneys, in support of this Factual Assertion. LoganTree objects as hearsay under Federal Rule of Evidence 801 and 802, as well as under Rule 602 for lack of personal knowledge by the drafter of the document as to the statements set forth. In addition, LoganTree objects under Federal Rule of Procedure 26 and 37, as the documents corresponding to the volume/filing numbers cited have not been produced in this case.

Moreover, Bio Kinetics is not a party to this case and has never been an owner of the Asserted Patent. Therefore, the current corporate status of Bio Kinetics has no probative value to any actual claims or defenses at issue in this case, and can only be confusing and misleading so as to cause unfair prejudice to LoganTree. Fed R. Evid. 401, 402, 403.

## FOSSIL'S REPLY TO NO. 38

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature. "[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158,

1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form* that would be admissible in evidence," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). LoganTree's objections under Fed. R. Evid. 403 are premature and vague. Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage.

*Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections on the grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016). LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.

LoganTree's objections based on Bio Kinetics being a "third party" has already been rebutted: as noted in Fossil's discovery response, Bio Kinetics is an alter ego for LoganTree.

**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 39**

In 2002, Plaintiff was formed to provide the Brann family "with greater protection from personal liability in the event of litigation involving the patent.". *Id,* (citing Ex. 41, LT0003394 at LT0003411).

**LOGANTREE'S RESPONSE TO NO. 39**

Fossil cites its own Interrogatory Response, presumably prepared by its attorneys, in support of this Factual Assertion. LoganTree objects as hearsay under Federal Rule of Evidence 801 and 802, as well as under Rule 602 for lack of personal knowledge by the drafter of the document as to

the statements set forth. LoganTree also objects under Federal Rule of Civil Procedures to the admissibility of the entire document in Ex. 41, LT0003394, which is a Motion for Reconsideration filed in an earlier, separate legal proceeding involving a different defendant. Venue disputes in another lawsuit has no probative value to this case and can only confuse and mislead, potentially causing undue prejudice to LoganTree. Fed R. Evid. 401, 402, 403.

In addition, LoganTree objects to this Factual Assertion as an incomplete quote under Federal Rule of Evidence 106. The entire quote is found in the Declaration of Theodore Brann (Ex, 41 at LT0003411-3412) at ¶ 7. In addition to the portion quoted by Fossil, Mr. Brann also states that LoganTree was formed to provide protection to his intellectual property in the Asserted Patent. *See id.*

Further, LoganTree objects that this Factual Assertion is not a material, relevant fact, and Theodore Brann's personal objections of incorporating LoganTree LP as an entity has no probative value to any actual claims or defenses at issue in this case, and can only be confusing and misleading so as to cause unfair prejudice to LoganTree. Fed R. Evid. 401, 402, 403.

**FOSSIL'S REPLY TO NO. 39**

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature. "[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a

lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019).

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable

at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections on the grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016). LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.

LoganTree's objections based on Bio Kinetics being a "third party" has already been rebutted: as noted in Fossil's discovery response, Bio Kinetics is an alter ego for LoganTree.

LoganTree's objection under Fed. R. Evid. 106 is misplaced, unnecessary, and premature. That rule does not result in the exclusion of evidence, it merely allows LoganTree to introduce evidence.

**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 40**

Theodore L. Brann sold the Asserted Patent to Plaintiff for ten dollars in 2002. *Id.* (citing Ex. 29, FOSSIL-LT_0041018).

**LOGANTREE'S RESPONSE TO NO. 40**

Fossil cites its own Interrogatory Response, presumably prepared by its attorneys, in support of this Factual Assertion. LoganTree objects as hearsay under Federal Rule of Evidence 801 and 802, as well as under Rule 602 for lack of personal knowledge by the drafter of the document as to the statements set forth.

63

Moreover, this Factual Assertion mischaracterizes the underlying documents cited and suggests that Theodore Brann *sold* the Asserted Patent for a certain dollar value, when the evidence undisputedly establishes that he *assigned* the Asserted Patent from himself to a corporate entity he created and controlled. There is no standing defense in this case and no dispute that LoganTree LP is the proper assignee and owner of the Asserted Patent in this case. Therefore, any facts regarding assignment are not relevant or material to any claims or defense in dispute. Fed R. Evid. 402. Presumably, the only purpose of this Factual Assertion is to advance an incorrect and misleading narrative that Mr. Brann valued the Asserted Patent at $10 by selling it for that number in an arms-length transaction. This could only confuse and mislead so as to cause prejudice to LoganTree. Fed R. Evid. 403.

## FOSSIL'S REPLY TO NO. 40

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made

an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019).

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at

the summary judgment stage "the Court does not consider any objections on the grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016). LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.

## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 41

During the active life of the Asserted Patent, large businesses (including HEB Grocery Company, LP, FedEx Corporation, and Frito-Lay) were authorized to use the "BackTalk." *Id.* (citing Ex. 42, LT0004239 at LT0004411 and LT0004416-LT0004418; Ex. 41, LT0003394 at LT0003415).

## LOGANTREE'S RESPONSE TO NO. 41

Fossil cites its own Interrogatory Response, presumably prepared by its attorneys, in support of this Factual Assertion. LoganTree objects as hearsay under Federal Rule of Evidence 801 and 802, as well as under Rule 602 for lack of personal knowledge by the drafter of the document as to the statements set forth.

The two underlying documents cited are a Motion to Transfer Venue filed by Fitbit Inc. (who is not party to this case) in a separate legal proceeding (Ex. 42, LT0004239) and a Motion for Reconsideration on a venue transfer ruling (*id.,* LT0004239). Venue disputes in another lawsuit has

no probative value to this case and can only be confusing and misleading so as to cause unfair prejudice to LoganTree. Fed R. Evid. 401, 402, 403. In addition, Fitbit's motion filed in a separate

case is hearsay. Fed. R. Evid. 801, 802.

One of the specific exhibits to Fitbit's Motion (Ex. 42 at LT0004409-LT0004411) cited by Fossil appears to be a copy of a web article, presumably downloaded by Fitbit's attorneys, and suffers from a host of evidentiary issues including hearsay, lack of authentication, and lack of personal knowledge by the drafter. Fed R. Evid. 801, 802, 602, 901.

Fossil also provides an incomplete characterization of the statements from the Declaration of Theodore Brann (Ex. 41 at LT0003410-3416). Fed. R. Evid. 106. Mr. Brann's entire relevant quote is found in Paragraph 31 (*id. at* LT0003415), and states that, after demonstration and safety testing, H.E.B. had contracted to lease certain BackTalk units from Bio Kinetics.

## FOSSIL'S REPLY TO NO. 41

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form* that would be admissible in evidence," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019).

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections on the grounds that the

evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016). LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.

## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 42

The last day to timely pay the first maintenance fee for the Asserted Patent was May 10, 2004. *Id.* (citing https://fees.uspto.gov/MaintenanceFees/).

## LOGANTREE'S RESPONSE TO NO. 42

Fossil cites its own Interrogatory Response, presumably prepared by its attorneys, in support of this Factual Assertion. LoganTree objects as hearsay under Federal Rule of Evidence 801 and 802, as well as under Rule 602 for lack of personal knowledge by the drafter of the document as to the statements set forth.

This assertion is not a relevant, material fact. There is no dispute that the Asserted Patent, during the entire period of infringement at issue in this case, was not treated by the USPTO has having lapsed or expired for failure to pay maintenance fees. Instead, the underlying PTO web link provided by Fossil conclusive establishes the opposite.[1]

---

[1] available at:
https://fees.uspto.gov/MaintenanceFees/fees/details?patentNumber=6059576&applicationNumber=08976228&caresActSelected=



**United States Patent and Trademark Office**

*Office of the Commissioner for Patents*

TRAINING AND SAFETY DEVICE, SYSTEM AND METHOD TO AID IN PROPER MOVEMENT DURING PHYSICAL ACTIVITY

| PATENT # | APPLICATION # | FILING DATE | ISSUE DATE |
|---|---|---|---|
| 6059576 | 08976228 | 11/21/1997 | 05/09/2000 |

Payment Window Status

| WINDOW | STATUS | FEES | |
|---|---|---|---|
| 11.5 Year | Closed | Paid | No maintenance fees are due. |

| Window | First Day to Pay | Surcharge Starts | Last Day to Pay | Status | Fees |
|---|---|---|---|---|---|
| 3.5 Year | 05/09/2003 | 11/11/2003 | 05/10/2004 | Closed | Paid |
| 7.5 Year | 05/09/2007 | 11/10/2007 | 05/09/2008 | Closed | Paid |
| 11.5 Year | 05/09/2011 | 11/10/2011 | 05/09/2012 | Closed | Paid |

There is no defense in this case based on the theory that the Asserted Patent had expired for failure by the Patent Owner to pay maintenance fees and is therefore unenforceable during the infringement period at issue. Therefore, introducing any extraneous facts about maintenance fee payments is not probative to any disputed claims or defenses, and would only be confusing and misleading so as to cause unfair prejudice to LoganTree. Fed R. Evid. 401, 402, 403.

**FOSSIL'S REPLY TO NO. 42**

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not

70

consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). This Fact, for example, was identified in response to LoganTree's Interrogatory No. 20, which asked for facts underlying Fossil's defenses.

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage.

*Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections on the grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016). LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.

**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 43**

The first maintenance fee for the Asserted Patent was not paid by May 10, 2004. *Id.* (citing https://fees.uspto.gov/MaintenanceFees/).

**LOGANTREE'S RESPONSE TO NO. 43**

Fossil cites its own Interrogatory Response, presumably prepared by its attorneys, in support of this Factual Assertion. LoganTree objects as hearsay under Federal Rule of Evidence 801 and 802, as well as under Rule 602 for lack of personal knowledge by the drafter of the document as to the statements set forth.

This assertion is not a relevant, material fact. There is no dispute that the Asserted Patent, during the entire period of infringement at issue in this case, was not treated by the USPTO has

having lapsed or expired for failure to pay maintenance fees. Instead, the underlying PTO web link provided by Fossil conclusive establishes the opposite.

There is no defense in this case based on the theory that the Asserted Patent had expired for failure by the Patent Owner to pay maintenance fees and is therefore unenforceable during the infringement period at issue. Therefore, introducing any extraneous facts about maintenance fee payments is not probative to any disputed claims or defenses, and would only be confusing and misleading so as to cause unfair prejudice to LoganTree. to LoganTree. Fed R. Evid. 401, 402, 403.

## FOSSIL'S REPLY TO NO. 43

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v.*

*Parry*, 930 F.3d 93, 116 (3d Cir. 2019). This Fact, for example, was identified in response to LoganTree's Interrogatory No. 20, which asked for facts underlying Fossil's defenses.

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829 (3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections on the grounds that the

evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016). LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.

**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 44**

The Asserted Patent lapsed on May 11, 2004. *Id.* (citing https://fees.uspto.gov/MaintenanceFees/).

**LOGANTREE'S RESPONSE TO NO. 44**

Fossil cites its own Interrogatory Response, presumably prepared by its attorneys, in support of this Factual Assertion. LoganTree objects as hearsay under Federal Rule of Evidence 801 and 802, as well as under Rule 602 for lack of personal knowledge by the drafter of the document as to the statements set forth.

This assertion is not a relevant, material fact. There is no dispute that the Asserted Patent, during the entire period of infringement at issue in this case, was not treated by the USPTO has having lapsed or expired for failure to pay maintenance fees. Instead, the underlying PTO web link provided by Fossil conclusive establishes the opposite.

There is no defense in this case based on the theory that the Asserted Patent had expired for failure by the Patent Owner to pay maintenance fees and is therefore unenforceable during the infringement period at issue. Instead, the evidence is undisputed that, well before the infringement period at issue in this case (March 2015 to November 2017), LoganTree paid the maintenance fee at issue, and a late fee, which were accepted by the PTO. Ex. 44, LT0013999 at 14003. To this day,

the PTO considers the maintenance fees on LoganTree's patent as fully paid. *See* fn. 1.

Therefore, introducing any extraneous facts about a delayed maintenance fee payment from nearly two decades ago is not probative to any disputed claims or defenses, and would only be confusing and misleading so as to cause unfair prejudice to LoganTree. Fed R. Evid. 401, 402, 403.

## FOSSIL'S REPLY TO NO. 44

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). This Fact, for example, was identified in response to LoganTree's Interrogatory No. 20, which asked for facts underlying Fossil's defenses.

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a

"responding party . . .  [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections on the grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016).

LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.


**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 45**

On May 5, 2006 Plaintiff's founder attempted to revive the Asserted Patent. *Id.* (citing Ex. 44, LT0013999 at LT0014007; Ex, 32, FOSSIL-LT 0041176).

**LOGANTREE'S RESPONSE TO NO. 45**

Fossil cites its own Interrogatory Response, presumably prepared by its attorneys, in support of this Factual Assertion. LoganTree objects as hearsay under Federal Rule of Evidence 801 and 802, as well as under Rule 602 for lack of personal knowledge by the drafter of the document as to the statements set forth.

This assertion is not a relevant, material fact. There is no dispute that the Asserted Patent, during the entire period of infringement at issue in this case, was not treated by the USPTO has having lapsed or expired for failure to pay maintenance fees. Instead, the underlying PTO web link provided by Fossil conclusive establishes the opposite.

There is no defense in this case based on the theory that the Asserted Patent had expired for failure by the Patent Owner to pay maintenance fees and is therefore unenforceable during the infringement period at issue. Instead, the evidence is undisputed that, well before the infringement period at issue in this case (March 2015 to November 2017), LoganTree paid the maintenance fee at issue, and a late fee, which were accepted by the PTO. Ex. 44, LT0013999 at 14003. To this day, the PTO considers the maintenance fees on LoganTree's patent as fully paid. *See* fn. 1.

Therefore, introducing any extraneous facts about a delayed maintenance fee payment from nearly two decades ago is not probative to any disputed claims or defenses, and would only be confusing and misleading so as to cause unfair prejudice to LoganTree. Fed R. Evid. 401, 402, 403.

**FOSSIL'S REPLY TO NO. 45**

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). This Fact, for example, was identified in response to LoganTree's Interrogatory No. 20, which asked for facts underlying Fossil's defenses.

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the

summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections on the grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016). LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.

**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 46**

In attempting to revive the Asserted Patent, Plaintiff's founder represented that the "[t]he delay in payment of the maintenance fee to this patent was unintentional." *Id.* (citing Ex. 44, LT0013999 at LT0014007; Ex. 32, FOSSIL-LT 0041176).

## LOGANTREE'S RESPONSE TO NO. 46

Fossil cites its own Interrogatory Response, presumably prepared by its attorneys, in support of this Factual Assertion. LoganTree objects as hearsay under Federal Rule of Evidence 801 and 802, as well as under Rule 602 for lack of personal knowledge by the drafter of the document as to the statements set forth.

This assertion is not a relevant, material fact. There is no dispute that the Asserted Patent, during the entire period of infringement at issue in this case, was not treated by the USPTO has having lapsed or expired for failure to pay maintenance fees. Instead, the underlying PTO web link provided by Fossil conclusive establishes the opposite.

There is no defense in this case based on the theory that the Asserted Patent had expired for failure by the Patent Owner to pay maintenance fees, and is therefore unenforceable during the infringement period at issue. Instead, the evidence is undisputed that, well before the infringement period at issue in this case (March 2015 to November 2017), LoganTree paid the maintenance fee at issue, and a late fee, which were accepted by the PTO. Ex. 44, LT0013999 at 14003. To this day, the PTO considers the maintenance fees on LoganTree's patent as fully paid. *See* fn. 1.

Therefore, introducing any extraneous facts about a delayed maintenance fee payment from nearly two decades ago is not probative to any disputed claims or defenses, and would only be confusing and misleading so as to cause unfair prejudice to LoganTree. Fed R. Evid. 401, 402, 403.

## FOSSIL'S REPLY TO NO. 46

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory

allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). This Fact, for example, was identified in response to LoganTree's Interrogatory No. 20, which asked for facts underlying Fossil's defenses.

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC*, 242 F.R.D. 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections on the grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016). LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.

## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 47

In attempting to revive the Asserted Patent, Plaintiffs founder represented that Plaintiff qualified for small entity status. *Id.* (citing Ex. 44, LT0013999 at LT0014007; Ex. 32, FOSSIL-LT

0041176).

## LOGANTREE'S RESPONSE TO NO. 47

Fossil cites its own Interrogatory Response, presumably prepared by its attorneys, in support of this Factual Assertion. LoganTree objects as hearsay under Federal Rule of Evidence 801 and 802, as well as under Rule 602 for lack of personal knowledge by the drafter of the document as to the statements set forth.

This assertion is not a relevant, material fact. There is no dispute that the Asserted Patent, during the entire period of infringement at issue in this case, was not treated by the USPTO has having lapsed or expired for failure to pay maintenance fees. Instead, the underlying PTO web link provided by Fossil conclusive establishes the opposite.

There is no defense in this case based on the theory that the Asserted Patent had expired for failure by the Patent Owner to pay maintenance fees, and is therefore unenforceable during the infringement period at issue. Instead, the evidence is undisputed that, well before the infringement period at issue in this case (March 2015 to November 2017), LoganTree paid the maintenance fee at issue, and a late fee, which were accepted by the PTO. Ex. 44, LT0013999 at 14003. To this day, the PTO considers the maintenance fees on LoganTree's patent as fully paid. *See* fn. 1.

Therefore, introducing any extraneous facts about a delayed maintenance fee payment from nearly two decades ago is not probative to any disputed claims or defenses, and would only confuse and mislead, potentially causing undue prejudice to LoganTree. Fed R. Evid. 401, 402, 403. In addition, that LoganTree claimed small entity status for patent prosecution purposes is also not probative to any disputed claims or defenses, and would only be confusing and misleading so as to cause unfair prejudice to LoganTree. Fed R. Evid. 401, 402, 403.

## FOSSIL'S REPLY TO NO. 47

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory

allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). This Fact, for example, was identified in response to LoganTree's Interrogatory No. 20, which asked for facts underlying Fossil's defenses.

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . .  [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections on the grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016). LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.

## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 48

Plaintiff does not know why it represented that its failure to timely pay maintenance fees for the Asserted Patent was unintentional. *Id.* (citing Ex. 56, May 26, 2023 Deposition of J. Brann

at 67- 68; Ex. 3, LoganTree LP's First Supplemental Objections and Responses To Fossil Group, Inc's First Set of Interrogatories (Nos. 1, 4, 8-11, 14, 17-21) at *id.* LoganTree LP's First Supplemental Objections and Responses to Fossil Group, Inc's First Set of Interrogatories (Nos. 1 4. 8-l1 14. 17-21) at 16.).

## LOGANTREE'S RESPONSE TO NO. 48

Fossil cites its own Interrogatory Response, presumably prepared by its attorneys, in support of this Factual Assertion. LoganTree objects as hearsay under Federal Rule of Evidence 801 and 802, as well as under Rule 602 for lack of personal knowledge by the drafter of the document as to the statements set forth.

This assertion is not a relevant, material fact. There is no dispute that the Asserted Patent, during the entire period of infringement at issue in this case, was not treated by the USPTO has having lapsed or expired for failure to pay maintenance fees. Instead, the underlying PTO web link provided by Fossil conclusive establishes the opposite.

There is no defense in this case based on the theory that the Asserted Patent had expired for failure by the Patent Owner to pay maintenance fees, and is therefore unenforceable during the infringement period at issue. Instead, the evidence is undisputed that, well before the infringement period at issue in this case (March 2015 to November 2017), LoganTree paid the maintenance fee at issue, and a late fee, which were accepted by the PTO. Ex. 44, LT0013999 at 14003. To this day, the PTO considers the maintenance fees on LoganTree's patent as fully paid. *See* fn. 1.

To the extent Fossil intends to argue that LoganTree deliberately misled the PTO about the missed payment being unintentional, this "Factual Assertion" is no proof of any fraudulent intent, and is therefore not relevant. Fed. R. Evid. 402. Instead, it is a blatant attempt to take advantage of the tragic fact that Mr. Ted Brann passed away in late 2021 before discovery was conducted in this case. As a result, Mr. Brann's son Jeremy Brann, who now solely manages LoganTree's affair, has

no personal knowledge of his father's state of mind in 2006 and could not locate any records regarding a maintenance fee payment from nearly 20 years ago. *See* Ex. 20, Declaration of Jeremy Brann at ¶¶ 9-11. That Mr. Brann could not find out what his deceased father's state of mind was nearly 20 years ago is no evidence that his father intended to mislead the PTO at that time. Allowing Fossil to weaponize Mr. Brann's passing in a misleading manner to suggest fraudulent intent is unduly prejudicial to LoganTree. Fed. R. Evid. 403.

## **FOSSIL'S REPLY TO NO. 48**

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence,*" Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). This Fact, for example, was identified in response to LoganTree's Interrogatory No. 20, which asked for facts underlying Fossil's defenses.

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections on the grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be

considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016). LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.

### FOSSIL'S UNDISPUTED MATERIAL FACT NO. 49

Plaintiff does not know when it discovered that it failed to timely pay maintenance fees for the Asserted Patent. *Id.* (citing Ex. 56, May 26, 2023 Deposition of J. Brann at 66-67; Ex. 3, LoganTree LP's First Supplemental Objections and Responses To Fossil Group, Inc's First Set of Interrogatories (Nos. 1, 4, 8-11, 14, 17-21) at 16).

### LOGANTREE'S RESPONSE TO NO. 49:

Fossil cites its own Interrogatory Response, presumably prepared by its attorneys, in support of this Factual Assertion. LoganTree objects as hearsay under Federal Rule of Evidence 801 and 802, as well as under Rule 602 for lack of personal knowledge by the drafter of the document as to the statements set forth.

This assertion is not a relevant, material fact. There is no dispute that the Asserted Patent, during the entire period of infringement at issue in this case, was not treated by the USPTO has having lapsed or expired for failure to pay maintenance fees. Instead, the underlying PTO web link provided by Fossil conclusive establishes the opposite.

There is no defense in this case based on the theory that the Asserted Patent had expired for failure by the Patent Owner to pay maintenance fees, and is therefore unenforceable during the infringement period at issue. Instead, the evidence is undisputed that, well before the infringement period at issue in this case (March 2015 to November 2017), LoganTree paid the maintenance fee

at issue, and a late fee, which were accepted by the PTO. Ex. 44, LT0013999 at 14003. To this day, the PTO considers the maintenance fees on LoganTree's patent as fully paid. *See* fn. 1.

To the extent Fossil intends to argue that LoganTree deliberately misled the PTO about the missed payment being unintentional, this "Factual Assertion" is no proof of any fraudulent intent, and is therefore not relevant. Fed. R. Evid. 402. Instead, it is a blatant attempt to take advantage of the tragic fact that Mr. Ted Brann passed away in late 2021 before discovery was conducted in this case. As a result, Mr. Brann's son Jeremy Brann, who now solely manages LoganTree's affair, has no personal knowledge of his father's state of mind in 2006 and could not locate any records regarding a maintenance fee payment from nearly 20 years ago. *See* Ex. 20, Declaration of Jeremy Brann at ¶¶ 9-11. That Mr. Brann could not find out what his deceased father's state of mind was nearly

20 years ago is no evidence that his father intended to mislead the PTO at that time. Allowing Fossil to weaponize Mr. Brann's passing in a misleading manner to suggest fraudulent intent is unduly prejudicial to LoganTree. Fed. R. Evid. 403.

### FOSSIL'S REPLY TO NO. 49

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative,

prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). This Fact, for example, was identified in response to LoganTree's Interrogatory No. 20, which asked for facts underlying Fossil's defenses.

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R.

Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections on the grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016). LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.


**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 50**

Plaintiff provided no documents responsive to Defendant's Request for Production No. 32.

**LOGANTREE'S RESPONSE TO NO. 50**

This is not a relevant, material fact. It is a discovery complaint that cites no supporting evidence, and it is not probative to any issues relevant to an actual claim or defense in dispute. Fed R. Evid. 401, 402. Any possible probative value to discovery disputes is substantially outweighed by the risk of creating needless confusion regarding the evidence relevant to the actual claims and defenses at issue. Fed. R. Evid. 403.

**FOSSIL'S REPLY TO NO. 50**

LoganTree's response does not dispute the veracity of this Fact. LoganTree's numerous objections lack merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form* that would be admissible in evidence," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). This Fact, for example, relevant to Fossil's defenses.

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be

rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 51

Around October 2003, Ms. Anne M. Brann filed for Chapter 7 bankruptcy. *Id.* (citing Ex. 28, FOSSIL-LT_0041011; Ex. 31, FOSSIL LT_0041150; Ex. 56, May 26, 2023 Deposition of J. Brann at 89-94).

## LOGANTREE'S RESPONSE TO NO. 51

Fossil cites its own Interrogatory Response, presumably prepared by its attorneys, in support of this Factual Assertion. LoganTree objects as hearsay under Federal Rule of Evidence 801 and 802, as well as under Rule 602 for lack of personal knowledge by the drafter of the document as to the statements set forth.

This Factual Assertion is also not a relevant, material fact. That Anne Brann (wife of the named inventor) had filed personal bankruptcy 20 years ago is not probative to any disputed claims or defenses, and would only confuse and mislead, potentially causing undue prejudice to LoganTree. Fed R. Evid. 401, 402, 403.

## FOSSIL'S REPLY TO NO. 51

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form* that would be admissible in evidence," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). This Fact, for example, was identified in response to LoganTree's Interrogatory No. 20, which asked for facts underlying Fossil's defenses.

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion

of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC*, 242 F.R.D. 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections on the grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016). LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.

## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 52

Around October 2003, Mr. Jeremy Brann filed for Chapter 7 bankruptcy.    *Id.* (citing Ex. 28, FOSSIL-LT_0041011; Ex. 31, FOSSIL LT_0041150; Ex. 56, May 26, 2023 Deposition of J. Brann at 89-94).

**LOGANTREE'S RESPONSE TO NO. 52**

Fossil cites its own Interrogatory Response, presumably prepared by its attorneys, in support of this Factual Assertion. LoganTree objects as hearsay under Federal Rule of Evidence 801 and 802, as well as under Rule 602 for lack of personal knowledge by the drafter of the document as to the statements set forth.

This Factual Assertion is also not a relevant, material fact. That Jeremy Brann (son of the named inventor) had filed personal bankruptcy 20 years ago is not probative to any disputed claims or defenses, and would only confuse and mislead, potentially causing undue prejudice to LoganTree. Fed R. Evid. 401, 402, 403.

**FOSSIL'S REPLY TO NO. 52**

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form* that would be admissible in evidence," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). This Fact, for example, was identified in response to LoganTree's Interrogatory No. 20, which asked for facts underlying Fossil's defenses.

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at

the summary judgment stage "the Court does not consider any objections on the grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016). LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.

**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 53**

In the Chapter 7 bankruptcy action, Jeremy Brann did not disclose having any interest in any business. *Id.* (citing Ex. 28, FOSSIL-LT_0041011; Ex. 31, FOSSIL LT_0041150; Ex. 56, May 26, 2023 Deposition of J. Brann at 89-94).

**LOGANTREE'S RESPONSE TO NO. 53**

Fossil cites its own Interrogatory Response, presumably prepared by its attorneys, in support of this Factual Assertion. LoganTree objects as hearsay under Federal Rule of Evidence 801 and 802, as well as under Rule 602 for lack of personal knowledge by the drafter of the document as to the statements set forth.

This Factual Assertion is also not a relevant, material fact. What business interests Jeremy Brann (son of the named inventor) owned 20 years ago is not probative to any disputed claims or defenses, and would only confuse and mislead, potentially causing undue prejudice to LoganTree. Fed R. Evid. 401, 402, 403.

**FOSSIL'S REPLY TO NO. 53**

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory

allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). This Fact, for example, was identified in response to LoganTree's Interrogatory No. 20, which asked for facts underlying Fossil's defenses.

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC*, 242 F.R.D. 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections on the grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016). LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.

## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 54

In the Chapter 7 bankruptcy action, Jeremy Brann did not disclose having any interest in the Asserted Patent. *Id.* (citing Ex. 28, FOSSIL-LT_0041011; Ex. 31, FOSSIL LT_0041150; Ex.

56, May 26, 2023 Deposition of J. Brann at 89-94).

**LOGANTREE'S RESPONSE TO NO. 54**

Fossil cites its own Interrogatory Response, presumably prepared by its attorneys, in support of this Factual Assertion. LoganTree objects as hearsay under Federal Rule of Evidence 801 and 802, as well as under Rule 602 for lack of personal knowledge by the drafter of the document as to the statements set forth.

This Factual Assertion is also not a relevant, material fact. There is no standing defense in this case and no dispute that LoganTree LP is the proper assignee and owner of the Asserted Patent in this case. Therefore, that Jeremy Brann did not personally disclose a personal ownership interest in the Asserted Patent (which he did not have since LoganTree LP owned the patent), in an unrelated personal bankruptcy proceeding 20 years ago, is not probative to any disputed claims or defenses, and would only confuse and mislead, potentially causing undue prejudice to LoganTree. Fed R. Evid. 401, 402, 403.

**FOSSIL'S REPLY TO NO. 54**

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal

knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). This Fact, for example, was identified in response to LoganTree's Interrogatory No. 20, which asked for facts underlying Fossil's defenses.

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections on the grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016). LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.

**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 55**

In the Chapter 7 bankruptcy action, Anne Brann did not disclose having any interest in any business. *Id.* (citing Ex. 28, FOSSIL-LT_0041011; Ex. 31, FOSSIL LT_0041150; Ex. 56, May 26, 2023 Deposition of J. Brann at 89-94).

**LOGANTREE'S RESPONSE TO NO. 55**

Fossil cites its own Interrogatory Response, presumably prepared by its attorneys, in support of this Factual Assertion. LoganTree objects as hearsay under Federal Rule of Evidence 801 and 802, as well as under Rule 602 for lack of personal knowledge by the drafter of the document as to the statements set forth.

This Factual Assertion is also not a relevant, material fact. What business interests Anne Brann (wife of the named inventor) owned 20 years ago is not probative to any disputed claims or defenses, and would only confuse and mislead, potentially causing undue prejudice to LoganTree.

Fed R. Evid. 401, 402, 403.

## FOSSIL'S REPLY TO NO. 55

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). This Fact, for example, was identified in response to LoganTree's Interrogatory No. 20, which asked for facts underlying Fossil's defenses.

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider

106

Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections on the grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016). LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.

**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 56**

In the Chapter 7 bankruptcy action, Anne Brann did not disclose having any interest in the Asserted Patent. *Id.* (citing Ex. 28, FOSSIL-LT_0041011; Ex. 31, FOSSIL LT_0041150; Ex. 56, May 26, 2023 Deposition of J. Brann at 89-94).

**LOGANTREE'S RESPONSE TO NO. 56**

Fossil cites its own Interrogatory Response, presumably prepared by its attorneys, in support of this Factual Assertion. LoganTree objects as hearsay under Federal Rule of Evidence 801 and 802, as well as under Rule 602 for lack of personal knowledge by the drafter of the document as to the statements set forth.

This Factual Assertion is also not a relevant, material fact. There is no standing defense in this case and no dispute that LoganTree LP is the proper assignee and owner of the Asserted Patent in this case. Therefore, that Anne Brann did not personally disclose a personal ownership interest in the Asserted Patent (which she did not have since LoganTree LP owned the patent), in an unrelated personal bankruptcy proceeding 20 years ago, is not probative to any disputed claims or defenses, and would only confuse and mislead, potentially causing undue prejudice to LoganTree. Fed R. Evid. 401, 402, 403.

**FOSSIL'S REPLY TO NO. 56**

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164

(S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form* that would be admissible in evidence," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). This Fact, for example, was identified in response to LoganTree's Interrogatory No. 20, which asked for facts underlying Fossil's defenses.

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding

evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC,* 242 F.R.D. 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections on the grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden,* 842 F.3d 231, 238–39 (3d Cir. 2016). LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.

## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 57

In the Chapter 7 bankruptcy action, Jeremy Brann did not disclose having capital in excess of one thousand dollars. *Id.* (citing Ex. 28, FOSSIL-LT_0041011; Ex. 31, FOSSIL LT_0041150; Ex. 56, May 26, 2023 Deposition of J. Brann at 89-94).

## LOGANTREE'S RESPONSE TO NO. 57

Fossil cites its own Interrogatory Response, presumably prepared by its attorneys, in support of this Factual Assertion. LoganTree objects as hearsay under Federal Rule of Evidence 801 and 802, as well as under Rule 602 for lack of personal knowledge by the drafter of the document as to the statements set forth.

110

This Factual Assertion is also not a relevant, material fact. The amount of capital access Jeremy Brann (son of the named inventor) had access to 20 years ago is not probative to any disputed claims or defenses, and would only confuse and mislead, potentially causing undue prejudice to LoganTree. Fed R. Evid. 401, 402, 403.

**FOSSIL'S REPLY TO NO. 57**

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). This Fact, for example, was identified in response to LoganTree's Interrogatory No. 20, which asked for facts underlying Fossil's defenses.

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a

"responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections on the grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016).

LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.

**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 58**

In the Chapter 7 bankruptcy action, Anne Brann did not disclose having capital in excess of one thousand dollars. *Id.* (citing Ex. 28, FOSSIL-LT_0041011; Ex. 31, FOSSIL LT_0041150; Ex. 56, May 26, 2023 Deposition of J. Brann at 89-94).

This Factual Assertion is also not a relevant, material fact. The amount of capital access Anne Brann (wife of the named inventor) had access to 20 years ago is not probative to any disputed claims or defenses, and would only confuse and mislead, potentially causing undue prejudice to LoganTree. Fed R. Evid. 401, 402, 403.

**FOSSIL'S REPLY TO NO. 58**

Fossil was unable to locate a response from LoganTree to this Fact.

**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 59**

In December 2003, Plaintiff's founder (Mr. Theodore Brann) filed for Chapter 7 bankruptcy. *Id.* (citing Ex. 33, FOSSIL-LT_ 0041248).

**LOGANTREE'S RESPONSE TO NO. 59**

Fossil cites its own Interrogatory Response, presumably prepared by its attorneys, in support of this Factual Assertion. LoganTree objects as hearsay under Federal Rule of Evidence 801 and 802, as well as under Rule 602 for lack of personal knowledge by the drafter of the document as to the statements set forth.

This Factual Assertion is also not a relevant, material fact. That Theodore Brann had filed personal bankruptcy 20 years ago is not probative to any disputed claims or defenses, and would

only confuse and mislead, potentially causing undue prejudice to LoganTree. Fed R. Evid. 401, 402, 403.

**FOSSIL'S REPLY TO NO. 59**

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). This Fact, for example, was identified in response to LoganTree's Interrogatory No. 20, which asked for facts underlying Fossil's defenses.

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R.

Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections on the grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016). LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.

**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 60**

During that bankruptcy action, Theodore did not disclose an interest/ownership in the Asserted Patent. *Id.* (citing Ex. 33, FOSSIL-LT_ 0041248).

This Factual Assertion is also not a relevant, material fact. There is no standing defense in this case and no dispute that LoganTree LP is the proper assignee and owner of the Asserted Patent in this case. Therefore, that Theodore did not personally disclose a personal ownership interest in the Asserted Patent (which he did not have since LoganTree LP owned the patent), in an unrelated personal bankruptcy proceeding 20 years ago, is not probative to any disputed claims or defenses, and would only confuse and mislead, potentially causing undue prejudice to LoganTree. Fed R. Evid. 401, 402, 403.

**FOSSIL'S REPLY TO NO. 60**

Fossil was unable to locate a response from LoganTree to this Fact.

**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 61**

In the Chapter 7 bankruptcy action, Theodore Brann represented that he had zero capital. *Id.* (citing Ex. 33, FOSSIL-LT_ 0041248).

**LOGANTREE'S RESPONSE TO NO. 61**

Fossil cites its own Interrogatory Response, presumably prepared by its attorneys, in support of this Factual Assertion. LoganTree objects as hearsay under Federal Rule of Evidence 801 and 802, as well as under Rule 602 for lack of personal knowledge by the drafter of the document as to the statements set forth.

This Factual Assertion is also not a relevant, material fact. The amount of capital Theodore Brann had access to 20 years ago is not probative to any disputed claims or defenses, and would

116

only confuse and mislead, potentially causing undue prejudice to LoganTree. Fed R. Evid. 401, 402, 403.

## FOSSIL'S REPLY TO NO. 61

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). This Fact, for example, was identified in response to LoganTree's Interrogatory No. 20, which asked for facts underlying Fossil's defenses.

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R.

Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections on the grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016). LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.

118

**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 62**

In the Chapter 7 bankruptcy action, Theodore Brann represented that he had a 2% interest in a business titled "LoganTree, LP." *Id.* (citing Ex. 33, FOSSIL-LT_ 0041248).

**LOGANTREE'S RESPONSE TO 62**

Fossil cites its own Interrogatory Response, presumably prepared by its attorneys, in support of this Factual Assertion. LoganTree objects as hearsay under Federal Rule of Evidence 801 and 802, as well as under Rule 602 for lack of personal knowledge by the drafter of the document as to the statements set forth.

This Factual Assertion is also not a relevant, material fact. Whatever percentage ownership interest of LoganTree LP Theodore Brann held 20 years ago is not probative to any disputed claims or defenses, and would only confuse and mislead, potentially causing undue prejudice to LoganTree. Fed R. Evid. 401, 402, 403.

**FOSSIL'S REPLY TO NO. 62**

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal

knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). This Fact, for example, was identified in response to LoganTree's Interrogatory No. 20, which asked for facts underlying Fossil's defenses.

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections on the grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016). LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.

## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 63

In the Chapter 7 bankruptcy action, Theodore Brann represented that the value of his interest in "LoganTree, LP" was worth $50. *Id.* (citing Ex. 33 FOSSIL-LT_ 0041248).

## LOGANTREE'S RESPONSE TO 63

Fossil cites its own Interrogatory Response, presumably prepared by its attorneys, in support of this Factual Assertion. LoganTree objects as hearsay under Federal Rule of Evidence 801 and 802, as well as under Rule 602 for lack of personal knowledge by the drafter of the document as to the statements set forth.

This Factual Assertion regarding Theodore Brann's personal valuation of 2% of LoganTree LP in 2003 is also not a relevant, material fact. Fossil may argue that this number is relevant to assessment of damages, but neither side has disclosed in discovery a contention that this bankruptcy valuation from 2003 is a proper measure of a reasonable royalty Fossil would have

paid in a hypothetical negotiation for a license to the Asserted Patent on or before the infringement period began in March of 2015. That would there is no *Georgia-Pacific* factor this factor would be relevant to, especially given that the claims of the Asserted Patent changed via re-examination before that infringement period began. Therefore, Factual Assertion No. 63 is not probative to any disputed claims or defenses, and would only confuse and mislead, potentially causing undue prejudice to LoganTree. Fed R. Evid. 401, 402, 403.

## FOSSIL'S REPLY TO NO. 63

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). This Fact, for example, was identified in response to LoganTree's Interrogatory No. 20, which asked for facts underlying Fossil's defenses.

122

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections on the grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be

123

considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016). LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.

## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 64

In the Chapter 7 bankruptcy action, Theodore Brann did not disclose an interest/ownership of Bio Kinetics Corp. *Id.* (citing Ex. 33 FOSSIL-LT_ 0041248).

## LOGANTREE'S RESPONSE TO NO. 64

Fossil cites its own Interrogatory Response, presumably prepared by its attorneys, in support of this Factual Assertion. LoganTree objects as hearsay under Federal Rule of Evidence 801 and 802, as well as under Rule 602 for lack of personal knowledge by the drafter of the document as to the statements set forth.

This Factual Assertion is also not a relevant, material fact. Whatever ownership Theodore Brann may have held in Bio Kinetics (which is not a party to this case and was never an owner of the Asserted Patent) during the time of an unrelated personal bankruptcy proceeding 20 years ago, is not probative to any disputed claims or defenses, and would only confuse and mislead, potentially causing undue prejudice to LoganTree. Fed R. Evid. 401, 402, 403.

## FOSSIL'S REPLY TO NO. 64

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they

are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form* that would be admissible in evidence," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). This Fact, for example, was identified in response to LoganTree's Interrogatory No. 20, which asked for facts underlying Fossil's defenses.

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . .  [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d

829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections on the grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016). LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.

## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 65

In April 2004, Ms. Anne Brann filed for Chapter 13 bankruptcy. *Id.* (citing Ex. 34, FOSSIL- LT_0041302; Ex. 35, FOSSIL-LT 0041306).

## LOGANTREE'S RESPONSE TO NO. 65

Fossil cites its own Interrogatory Response, presumably prepared by its attorneys, in support of this Factual Assertion. LoganTree objects as hearsay under Federal Rule of Evidence 801 and 802, as well as under Rule 602 for lack of personal knowledge by the drafter of the document as to the statements set forth.

126

This Factual Assertion is also not a relevant, material fact. That Anne Brann (wife of the named inventor) had filed personal bankruptcy 19 years ago is not probative to any disputed claims or defenses, and would only confuse and mislead, potentially causing undue prejudice to LoganTree. Fed R. Evid. 401, 402, 403.

## FOSSIL'S REPLY TO NO. 65

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). This Fact, for example, was identified in response to LoganTree's Interrogatory No. 20, which asked for facts underlying Fossil's defenses.

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a

"responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections on the grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016).

LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.

## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 66

In October 2004, Mr. Theodore Brann filed for Chapter 13 bankruptcy. *Id.* (citing Ex. 34, FOSSIL- LT_0041302; Ex. 35, FOSSIL-LT 0041306).

## LOGANTREE'S RESPONSE TO NO. 66

Fossil cites its own Interrogatory Response, presumably prepared by its attorneys, in support of this Factual Assertion. LoganTree objects as hearsay under Federal Rule of Evidence 801 and 802, as well as under Rule 602 for lack of personal knowledge by the drafter of the document as to the statements set forth.

This Factual Assertion is also not a relevant, material fact. That Theodore Brann had filed personal bankruptcy 19 years ago is not probative to any disputed claims or defenses, and would only confuse and mislead, potentially causing undue prejudice to LoganTree. Fed R. Evid. 401, 402, 403.

## FOSSIL'S REPLY TO NO. 66

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not

129

consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). This Fact, for example, was identified in response to LoganTree's Interrogatory No. 20, which asked for facts underlying Fossil's defenses.

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . .  [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage.

*Merisant Co. v. McNeil Nutritionals, LLC*, 242 *F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections on the grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016). LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.

## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 67

In the Chapter 13 bankruptcy action, Theodore Brann did not disclose any interest/ownership in the Asserted Patent. *Id.* (citing Ex. 34, FOSSIL-LT_0041302; Ex. 35, FOSSIL-LT 0041306).

## LOGANTREE'S RESPONSE TO NO. 67

Fossil cites its own Interrogatory Response, presumably prepared by its attorneys, in support of this Factual Assertion. LoganTree objects as hearsay under Federal Rule of Evidence 801 and 802, as well as under Rule 602 for lack of personal knowledge by the drafter of the document as to the statements set forth.

In addition, Factual Assertion No. 67 mischaracterizes the underlying bankruptcy filing

cited by Fossil at Ex. 34, FOSSIL-LT_0041302 and Ex. 35, FOSSIL-LT0041306. These are simply initial petitions that show bankruptcy proceedings were filed. Nothing in either document contains any disclosure forms where Theodore Brann or Anne Brann were required to disclose personal ownership of any property. A review of the entire bankruptcy record in this case shows that neither Theodore Brann nor Anne Brann pursued bankruptcy after an initial filing, and as a result, was not discharged from any debts. *In re Theodore L. Brann*, Case No. 5:03bk57332, Dkt. Nos. 1–22 (Bankr. W.D. Tex.); *In re Anne M. Brann*, Case No. 5:04bk51929, Dkt. Nos. 1–24 (Bankr. W.D. Tex.).

In addition, there is no standing defense in this case and no dispute that LoganTree LP is the proper assignee and owner of the Asserted Patent in this case. Therefore, whether Theodore Brann disclosed a personal ownership interest in the Asserted Patent (which he did not have since LoganTree LP owned the patent), in an unrelated personal bankruptcy proceeding 19 years ago, is not probative to any disputed claims or defenses, and would only confuse and mislead, potentially causing undue prejudice to LoganTree. Fed R. Evid. 401, 402, 403.

**FOSSIL'S REPLY TO NO. 67**

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative,

prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). This Fact, for example, was identified in response to LoganTree's Interrogatory No. 20, which asked for facts underlying Fossil's defenses.

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R.

Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections on the grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016). LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.

**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 68**

In the Chapter 13 bankruptcy action, Theodore Brann did not disclose any interest/ownership in any business. *Id.* (citing Ex. 34, FOSSIL-LT_0041302; Ex. 35, FOSSIL-LT 0041306).

**LOGANTREE'S RESPONSE TO NO. 68**

Fossil cites its own Interrogatory Response, presumably prepared by its attorneys, in support of this Factual Assertion. LoganTree objects as hearsay under Federal Rule of Evidence 801 and 802, as well as under Rule 602 for lack of personal knowledge by the drafter of the document as to the statements set forth.

In addition, Factual Assertion No. 68 mischaracterizes the underlying bankruptcy filing cited by Fossil at Ex. 34, FOSSIL-LT_0041302 and Ex. 35, FOSSIL-LT0041306. These are simply

initial petitions that show bankruptcy proceedings were filed. Nothing in either document contains any disclosure forms where Theodore Brann or Anne Brann were required to disclose personal ownership of any business interests. A review of the entire bankruptcy record in this case shows that neither Theodore Brann nor Anne Brann pursued bankruptcy after an initial filing, and as a result, was not discharged from any debts. *In re Theodore L. Brann*, Case No. 5:03bk57332, Dkt. Nos. 1–22 (Bankr. W.D. Tex.); *In re Anne M. Brann*, Case No. 5:04bk51929, Dkt. Nos. 1–24 (Bankr. W.D. Tex.).

In addition, what business interests Theodore Brann owned or did not own 19 years ago is not probative to any disputed claims or defenses, and would only confuse and mislead, potentially causing undue prejudice to LoganTree. Fed R. Evid. 401, 402, 403.

## FOSSIL'S REPLY TO NO. 68

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made

an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). This Fact, for example, was identified in response to LoganTree's Interrogatory No. 20, which asked for facts underlying Fossil's defenses.

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House*

*Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections on the grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016). LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.

## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 69

In the Chapter 13 bankruptcy action, Anne Brann did not disclose any interest/ownership in the Asserted Patent. *Id.* (citing Ex. 34, FOSSIL-LT_0041302; Ex. 35, FOSSIL-LT 0041306).

## LOGANTREE'S RESPONSE TO NO. 69

Fossil cites its own Interrogatory Response, presumably prepared by its attorneys, in support of this Factual Assertion. LoganTree objects as hearsay under Federal Rule of Evidence 801 and 802, as well as under Rule 602 for lack of personal knowledge by the drafter of the document as to the statements set forth.

In addition, Factual Assertion No. 69 mischaracterizes the underlying bankruptcy filing cited by Fossil  at  Ex. 34, FOSSIL-LT_0041302  and  Ex. 35, FOSSIL-LT_0041306.  These are simply  initial petitions that show bankruptcy proceedings were filed. Nothing in either document contains any disclosure forms where Theodore Brann or Anne Brann were required to disclose personal ownership of any property. A review of the entire bankruptcy record in this case shows that neither Theodore Brann nor Anne Brann pursued bankruptcy after an initial filing, and as a result, was not discharged from any debts. *In re Theodore L. Brann*, Case No. 5:03bk57332, Dkt. Nos. 1–

22 (Bankr. W.D. Tex.); *In re Anne M. Brann*, Case No. 5:04bk51929, Dkt. Nos. 1–24 (Bankr. W.D. Tex.).

In addition, there is no standing defense in this case and no dispute that LoganTree LP is the proper assignee and owner of the Asserted Patent in this case. Therefore, whether Anne Brann disclosed a personal ownership interest in the Asserted Patent (which she did not have since LoganTree LP owned the patent), in an unrelated personal bankruptcy proceeding 19 years ago, is not probative to any disputed claims or defenses, and would only confuse and mislead, potentially causing undue prejudice to LoganTree. Fed R. Evid. 401, 402, 403.

## FOSSIL'S REPLY TO NO. 69

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v.*

*Parry*, 930 F.3d 93, 116 (3d Cir. 2019). This Fact, for example, was identified in response to LoganTree's Interrogatory No. 20, which asked for facts underlying Fossil's defenses.

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections on the grounds that the

evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016). LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.

### FOSSIL'S UNDISPUTED MATERIAL FACT NO. 70

In the Chapter 13 bankruptcy action, Anne Brann did not disclose any interest/ownership in any business. *Id.* (citing Ex. 34, FOSSIL-LT_0041302; Ex. 35, FOSSIL-LT 0041306).

### LOGANTREE'S RESPONSE TO NO. 70

Fossil cites its own Interrogatory Response, presumably prepared by its attorneys, in support of this Factual Assertion. LoganTree objects as hearsay under Federal Rule of Evidence 801 and 802, as well as under Rule 602 for lack of personal knowledge by the drafter of the document as to the statements set forth.

In addition, Factual Assertion No. 70 mischaracterizes the underlying bankruptcy filing cited by Fossil at  Ex. 34, FOSSIL-LT_0041302  and  Ex. 35, FOSSIL-LT0041306.  These are simply i n i t i a l  petitions that show bankruptcy proceedings were filed. Nothing in either document contains any disclosure forms where Theodore Brann or Anne Brann were required to disclose personal ownership of any business interests. A review of the entire bankruptcy record in this case shows that neither Theodore Brann nor Anne Brann pursued bankruptcy after an initial filing, and as a result, was not discharged from any debts. *In re Theodore L. Brann*, Case No. 5:03bk57332, Dkt. Nos. 1–22 (Bankr. W.D. Tex.); *In re Anne M. Brann*, Case No. 5:04bk51929,

Dkt. Nos. 1–24 (Bankr. W.D. Tex.).

In addition, what business interests she owned or did not own 19 years ago is not probative to any disputed claims or defenses, and would only confuse and mislead, potentially causing undue prejudice to LoganTree. Fed R. Evid. 401, 402, 403.

**FOSSIL'S REPLY TO NO. 70**

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature. "[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). This Fact, for example, was identified in response to LoganTree's Interrogatory No. 20, which asked for facts underlying Fossil's defenses.

LoganTree's objections under Fed. R. Evid. 403 are premature and vague. Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual

assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections on the grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016). LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let

alone provided a cogent explanation of why that is so.

**FOSSIL'S UNDISPUTED MATERIAL FACT NO. 71**

Plaintiff provided no documents responsive to Defendant 's Request for Production No. 55.

**LOGANTREE'S RESPONSE**

This is not a relevant. material fact. It is a discovery complaint that cites no supporting evidence, and is not probative to any issues relevant to an actual claim or defense in dispute. Fed R. Evid. 401, 402. Any possible probative value to discovery disputes is substantially outweighed by the risk of creating needless confusion regarding the evidence relevant to the actual claims and defenses at issue. Fed. R. Evid. 403.

**FOSSIL'S REPLY TO NO. 71**

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature.

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form* that would be admissible in evidence," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made

an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). This Fact, for example, was identified in response to LoganTree's Interrogatory No. 20, which asked for facts underlying Fossil's defenses.

LoganTree's objections under Fed. R. Evid. 403 are premature and vague. Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House*

*Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections on the grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016). LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.

LoganTree' allegation that Fossil's "cites no supporting evidence" for this Fact does not address whether Fact No. 55 is true or false. Instead, it is a distraction tactic that runs against the "general rule of evidence ... that 'where the subject-matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true unless disproved by that party." *Nayab v. Cap. One Bank (USA), N.A.*, 942 F.3d 480, 494 (9th Cir. 2019) (quoting *United States v. Denver & R G R Co*, 191 U.S. 84, 91 (1903).

## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 72

No person or entity was under a contractual obligation to mark BackTalks with patent numbers. *See*, Ex. 5, Fossil Group, Inc.'s First Supplemental Objections and Responses to Plaintiff's Third Set of Interrogatories (Nos. 19-20) at 14.

## LOGANTREE'S RESPONSE TO NO. 72

Fossil cites its own Interrogatory Response, presumably prepared by its attorneys, in support of this Factual Assertion. LoganTree objects as hearsay under Federal Rule of Evidence 801 and 802, as well as under Rule 602 for lack of personal knowledge by the drafter of the

145

document as to the statements set forth.

In addition, LoganTree objects to Factual Assertion No. 72 because it mischaracterizes the constructive notice requirements under the Patent Act. 35 U.S.C. §287. There is no legal requirement that there must be a contract between the patent owner and the licensee containing a contractual marking obligation. 35 U.S.C. §287; *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017). Such mischaracterization of the relevant legal standard is misleading and confusing, and risks causing undue prejudice to LoganTree. Fed. R. Evid. 403.

**FOSSIL'S REPLY TO NO. 72**

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 403 are premature and vague. Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . .  [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding

evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC*, 242 F.R.D. 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections on the grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016). LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.

## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 73

About 25,000 BackTalks labels were made that did not have patent markings on them. *See*, Ex. 30, FOSSIL-LT 0041020 at FOSSIL-LT 0041053.

## LOGANTREE'S RESPONSE TO NO. 73

Factual Assertion No. 73 does not accurately reflect the document cited in support, which is simply a pleading from a prior case between two non-parties, where plaintiff Bio Kinetics sought return of "approximately 25,000 BackTalk labels" from certain defendants. Ex. 30 at FOSSIL-LT 0041053. In addition, LoganTree objects to Factual Assertion No. 73 because it mischaracterizes the constructive notice requirements under the Patent Act. 35 U.S.C. §287. There is no legal

requirement that all "labels" a patent owner produces contains patent markings. 35 U.S.C. §287; *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017). Such mischaracterization of the relevant legal standard is misleading and confusing, and risks causing undue prejudice to LoganTree. Fed. R. Evid. 403.

### FOSSIL'S REPLY TO NO. 73

It appears that LoganTree disputes this Fact. LoganTree's generic complaint that Fossil has mischaracterized evidence is without support. The labels identified in FOSSIL-LT 0041020 could not have been marked with the number of LoganTree's patent, as based on FOSSIL-LT 0041020, the labels were created before LoganTree's patent ever issued.

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829 (3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections on the grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016). LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.

## FOSSIL'S UNDISPUTED MATERIAL FACT NO. 74

Plaintiff provided no documents responsive to Defendant 's Request for Production No. 47.

## LOGANTREE'S RESPONSE TO NO. 74

This is not a relevant. material fact. It is a discovery complaint that cites no supporting evidence, and is not probative to any issues relevant to an actual claim or defense in dispute. Fed. R. Evid. 401, 402. Any possible probative value to discovery disputes is substantially outweighed by the risk of creating needless confusion regarding the evidence relevant to the actual claims and defenses at issue. Fed. R. Evid. 403.

**FOSSIL'S REPLY TO NO. 74**

LoganTree's response does not dispute the veracity of this Fact. LoganTree's conclusory allegation that Fossil has failed to proffer admissible evidence to support this Fact is without merit.

LoganTree's objections under Fed. R. Evid. 401 and 402 are misplaced, unnecessary, and premature. "[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir.); *see Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections *on the grounds that the evidence is irrelevant*, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge.").

As LoganTree has not alleged that the proffered evidence "cannot be *presented in a form that would be admissible in evidence*," Fed. R. Civ. P. 56(c)(2) (emphasis), LoganTree has not made an applicable argument at this stage, let alone provided support for its argument.

Rule 401 sets a "low threshold" that the proffered evidence "more than meets." *Forrest v. Parry*, 930 F.3d 93, 116 (3d Cir. 2019). This Fact, for example, was identified in response to LoganTree's Interrogatory No. 20, which asked for facts underlying Fossil's defenses.

LoganTree's objections under Fed. R. Evid. 403 are premature and vague.

Part II.B.5 of the Honorable Joshua D. Wolson's Policies and Procedures permits a "responding party . . . [to make] any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible." Discretionary exclusion under Fed. R. Evid. 403 does not mean that cited evidence is not admissible. There is no current need to consider Fed. R. Evid. 403 objections as "Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the

issues." *Holt v. Noble House Hotels & Resort, Ltd,* 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

Even if LoganTree's Fed. R. Evid. 403 objections were considered at this stage, "[e]xclusion of evidence under Rule 403 at the summary judgment stage is an 'extreme measure' that should be rarely invoked." *Liberty Mut. Fire Ins. Co. v. Skorochod*, No. 15-CV-04365-RAL, 2018 WL 487838, at *9 (E.D. Pa. Jan. 19, 2018) (quoting *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829(3d Cir. 1990)).

LoganTree does not come close to overcoming the "strong presumption" against excluding evidence under Fed. R. Evid. 403, let alone meeting that burden at the summary judgement stage. *Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D.* 303, 306 (E.D. Pa. 2007) (discussing Fed. R. Evid. 403).

LoganTree's hearsay objections are premature, vague, and based on law that is inapplicable at the summary judgment stage. Even assuming for the sake of argument that the proffered evidence is hearsay, that is irrelevant to whether it can be considered at this stage. *See Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (emphasis added) (noting that at the summary judgment stage "the Court does not consider any objections on the grounds that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack personal knowledge."). "[H]earsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016). LoganTree has not argued that the proffered evidence is incapable of being admissible at trial, let alone provided a cogent explanation of why that is so.

LoganTree' allegation that Fossil's "cites no supporting evidence" for this Fact does not address whether Fact No. 55 is true or false. Instead, it is a distraction tactic that runs against the "general rule of evidence ... that 'where the subject-matter of a negative averment lies peculiarly

within the knowledge of the other party, the averment is taken as true unless disproved by that party." *Nayab v. Cap. One Bank (USA), N.A.*, 942 F.3d 480, 494 (9th Cir. 2019) (quoting *United States v. Denver & R G R Co*, 191 U.S. 84, 91 (1903).

**LoganTree's Additional Relevant Summary Judgment Facts**[2]

1.      Each of the Accused Products practices all limitations of at least the following Asserted Claims — (1, 2, 4, 5, 7-9, 11, 30-32, 36, 39-42, 44, 45, 54, 55, and 61-65) — of the `576 Patent. *See generally* Expert Report of Paul Martin.

**<u>Fossil's Response to Additional Fact No. 1</u>**

LoganTree did not comply with the Honorable Joshua D. Wolson's Policies and Procedures Part II.B.5. Fossil's understanding is that LoganTree is not filing any summary judgment motions and Part II.B.5 does not create a right for responding parties to propose facts that hypothetically could have relevance, especially "facts" that are obviously disputed. LoganTree impermissibly attempts to weaponize Part II.B.5 as a way to get additional requests for admission after it was previously caught trying to exceed the Scheduling Order's limits on requests for admissions.

The footnote provided by LoganTree is misleading. LoganTree asked Fossil for its summary judgment grounds. Fossil identified the grounds and directed LoganTree to various materials where additional information on the grounds could be found. Instead of reviewing those materials, LoganTree asked to be spoon fed answers. For example, LoganTree's inability to

---

[2] LoganTree has sought to confer with Fossil regarding its proposed summary judgment grounds so it may specifically identify additional relevant facts and evidence. However, Fossil has not specifically identified its summary judgment bases. Exs. 50-55, July 21–July 28, 2023 Correspondence b/t Counsel. LoganTree has made its best-faith efforts to identify potentially relevant summary judgment facts based on Fossil's disclosures to date, but reserves the right to supplement these additional facts if needed after Fossil discloses its specific, summary judgment grounds.

determine Fossil's basis for raising an invalidity challenge under 35 U.S.C § 305 is unacceptable given that Fossil has provided detailed contentions that included caselaw and supporting evidence.

Without waiving its right to provide a further supplement, Fossil denies this "fact." *See generally* Expert Report of Jeremy Cooperstock.


2.       Each of the Accused Products practice each and every limitation of claim 1, including the limitation of "a movement sensor capable of measuring data associated with unrestrained movement in any direction and generating signals indicative of said movement." *See* Ex. 13, Expert Report of Paul Martin at 51-68, Ex. C at row 1[A], Ex. D at row 1[A], Ex. E at row 1[A].

**Fossil's Response to Additional Fact No. 2**

As noted above, LoganTree did not comply with the Honorable Joshua D. Wolson's Policies and Procedures Part II.B.5. Fossil's understanding is that LoganTree is not filing any summary judgment motions and Part II.B.5 does not create a right for responding parties to propose facts that hypothetically could have relevance, especially "facts" that are obviously disputed. LoganTree impermissibly attempts to weaponize Part II.B.5 as a way to get additional requests for admission after it was previously caught trying to exceed the Scheduling Order's limits on requests for admissions.

Without waiving its right to provide a further supplement, Fossil denies this "fact." *See generally* Expert Report of Jeremy Cooperstock.


3.       Each of the Accused Products practice each and every limitation of claim 1, including the limitation of "receiving, interpreting, storing and responding to said movement data based on user-defined operational parameters." *See* Ex. 13, Expert Report of Paul Martin at 87-138,

Ex. C at row 1[D], Ex. D at row 1[D], Ex. E at row 1[D].

**Fossil's Response to Additional Fact No. 3**

As noted above, LoganTree did not comply with the Honorable Joshua D. Wolson's Policies and Procedures Part II.B.5. Fossil's understanding is that LoganTree is not filing any summary judgment motions and Part II.B.5 does not create a right for responding parties to propose facts that hypothetically could have relevance, especially "facts" that are obviously disputed. LoganTree impermissibly attempts to weaponize Part II.B.5 as a way to get additional requests for admission after it was previously caught trying to exceed the Scheduling Order's limits on requests for admissions.

Without waiving its right to provide a further supplement, Fossil denies this "fact." *See generally* Expert Report of Jeremy Cooperstock.


4.      Each of the Accused Products practice each and every limitation of claim 1, including the limitation of "storing first event information related to the detected first user-defined event along with first timestamp information reflecting a time at which the movement data causing the first user-defined event occurred." *See* Ex. 13, Expert Report of Paul Martin at 157-177, Ex. C at row 1[F], Ex. D at row 1[F], Ex. E at row 1[F].

**Fossil's Response to Additional Fact No. 4**

As noted above, LoganTree did not comply with the Honorable Joshua D. Wolson's Policies and Procedures Part II.B.5. Fossil's understanding is that LoganTree is not filing any summary judgment motions and Part II.B.5 does not create a right for responding parties to propose facts that hypothetically could have relevance, especially "facts" that are obviously disputed. LoganTree impermissibly attempts to weaponize Part II.B.5 as a way to get additional requests for admission after it was previously caught trying to exceed the Scheduling Order's limits

on requests for admissions.

Without waiving its right to provide a further supplement, Fossil denies this "fact." *See generally* Expert Report of Jeremy Cooperstock.

5.      Each of the Accused Products practice each and every limitation of claim 1, including the limitation of "wherein said movement sensor measures the angle and velocity of said movement." *See* Ex. 13, Expert Report of Paul Martin at 208-231, Ex. C at row 1[K], Ex. D at row 1[K], Ex. E at row 1[K].

**Fossil's Response to Additional Fact No. 5**

As noted above, LoganTree did not comply with the Honorable Joshua D. Wolson's Policies and Procedures Part II.B.5. Fossil's understanding is that LoganTree is not filing any summary judgment motions and Part II.B.5 does not create a right for responding parties to propose facts that hypothetically could have relevance, especially "facts" that are obviously disputed. LoganTree impermissibly attempts to weaponize Part II.B.5 as a way to get additional requests for admission after it was previously caught trying to exceed the Scheduling Order's limits on requests for admissions.

Without waiving its right to provide a further supplement, Fossil denies this "fact." *See generally* Expert Report of Jeremy Cooperstock.

6.      Each of the Accused Products practice each and every limitation of claim 2, including the limitation of "input/output port connected to said microprocessor for downloading said data and uploading said operational parameters to and from a computer." *See* Ex. 13, Expert Report of Paul Martin at 231-247, Ex. C at Claim 2, Ex. D at Claim 2, Ex. E at Claim 2.

**Fossil's Response to Additional Fact No. 6**

As noted above, LoganTree did not comply with the Honorable Joshua D. Wolson's Policies and Procedures Part II.B.5. Fossil's understanding is that LoganTree is not filing any summary judgment motions and Part II.B.5 does not create a right for responding parties to propose facts that hypothetically could have relevance, especially "facts" that are obviously disputed. LoganTree impermissibly attempts to weaponize Part II.B.5 as a way to get additional requests for admission after it was previously caught trying to exceed the Scheduling Order's limits on requests for admissions.

Without waiving its right to provide a further supplement, Fossil denies this "fact." *See generally* Expert Report of Jeremy Cooperstock.

7.      Each of the Accused Products practice each and every limitation of claim 40, including the limitation of "output indicator is configured to display information signaling the occurrence of the first user-defined event when the movement data reaches the predetermined threshold." *See* Ex. 13, Expert Report of Paul Martin at 271, Ex. C at Claim 40, Ex. D at Claim 40, Ex. E at Claim 40.

**Fossil's Response to Additional Fact No. 7**

As noted above, LoganTree did not comply with the Honorable Joshua D. Wolson's Policies and Procedures Part II.B.5. Fossil's understanding is that LoganTree is not filing any summary judgment motions and Part II.B.5 does not create a right for responding parties to propose facts that hypothetically could have relevance, especially "facts" that are obviously disputed. LoganTree impermissibly attempts to weaponize Part II.B.5 as a way to get additional requests for admission after it was previously caught trying to exceed the Scheduling Order's limits on requests for admissions.

Without waiving its right to provide a further supplement, Fossil denies this "fact." *See generally* Expert Report of Jeremy Cooperstock.

8.        Each of the Accused Products practice each and every limitation of claim 45, including the limitation of "movement data stored in the memory is configured to be downloaded to a computer." *See* Ex. 13, Expert Report of Paul Martin at 274, Ex. C at Claim 45, Ex. D at Claim 45, Ex. E at Claim 45.

**Fossil's Response to Additional Fact No. 8**

As noted above, LoganTree did not comply with the Honorable Joshua D. Wolson's Policies and Procedures Part II.B.5. Fossil's understanding is that LoganTree is not filing any summary judgment motions and Part II.B.5 does not create a right for responding parties to propose facts that hypothetically could have relevance, especially "facts" that are obviously disputed. LoganTree impermissibly attempts to weaponize Part II.B.5 as a way to get additional requests for admission after it was previously caught trying to exceed the Scheduling Order's limits on requests for admissions.

Without waiving its right to provide a further supplement, Fossil denies this "fact." *See generally* Expert Report of Jeremy Cooperstock.

9.        LoganTree, via Theodore Brann, required Bio Kinetics to mark all BackTalk device with the `576 Patent. Ex. 20, Declaration of Jeremy Brann, at ¶¶ 5–7.

**Fossil's Response to Additional Fact No. 9**

As noted above, LoganTree did not comply with the Honorable Joshua D. Wolson's Policies and Procedures Part II.B.5. Fossil's understanding is that LoganTree is not filing any summary judgment motions and Part II.B.5 does not create a right for responding parties to

propose facts that hypothetically could have relevance, especially "facts" that are obviously disputed. LoganTree impermissibly attempts to weaponize Part II.B.5 as a way to get additional requests for admission after it was previously caught trying to exceed the Scheduling Order's limits on requests for admissions.

Without waiving its right to provide a further supplement, Fossil is unable to admit or deny this allegation. Fossil can, however, confirm that LoganTree has not provided sufficient evidence to support this allegation.


10.    Prior to the expiry of the Asserted Patent, the only entity LoganTree has authorized or licensed to practice the `576 Patent is Bio Kinetics. Ex. 20, Declaration of Jeremy Brann, at ¶8.

**Fossil's Response to Additional Fact No. 10**

As noted above, LoganTree did not comply with the Honorable Joshua D. Wolson's Policies and Procedures Part II.B.5. Fossil's understanding is that LoganTree is not filing any summary judgment motions and Part II.B.5 does not create a right for responding parties to propose facts that hypothetically could have relevance, especially "facts" that are obviously disputed. LoganTree impermissibly attempts to weaponize Part II.B.5 as a way to get additional requests for admission after it was previously caught trying to exceed the Scheduling Order's limits on requests for admissions.

Without waiving its right to provide a further supplement, Fossil denies this "fact." As noted in Fossil's response to LoganTree's Interrogatory No. 19, there were numerous other licenses, including Fitbit.

Dated: August 18, 2023

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Jeremy D. Anderson*
    Jeremy D. Anderson (No. 4515)
    222 Delaware Avenue, 17th Floor
    Wilmington, Delaware 19801
    (302) 658-5070 (Telephone)
    (302) 652-0607 (Facsimile)
    janderson@fr.com

    Neil J. McNabnay
    Ricardo J. Bonilla
    Noel F. Chakkalakal
    Adil A. Shaikh
    Michael Vincent
    1717 Main Street, Suite 5000
    Dallas, Texas 75201
    (214) 747-5070 (Telephone)
    (214) 747-2091 (Facsimile)
    mcnabnay@fr.com
    rbonilla@fr.com
    chakkalakal@fr.com
    shaikh@fr.com
    vincent@fr.com

    Shawn Bastani
    111 Congress Avenue, Suite 810
    Austin, TX 78701
    (512) 472-5070 (Telephone)
    bastani@fr.com

    **COUNSEL FOR DEFENDANT**
    **FOSSIL GROUP, INC.**