# EXHIBIT 2

Confidential

# SETTLEMENT AND PATENT LICENSE AGREEMENT

This SETTLEMENT AND PATENT LICENSE AGREEMENT (the **"Agreement"**), is made and entered into as of April 6, 2022 (the **"Effective Date"**), by and between (1) LoganTree LP, a partnership organized under the laws of the state of Nevada (**"Plaintiff"**), and (2) Plaintiff's sole general partner, Gulfstream Ventures, LLC (**"Gulfstream"**), a limited liability company organized under the laws of the state of Nevada, with its principal place of business at P.O. Box 2345, Boerne, Texas 78006 (Plaintiff and Gulfstream collectively, **"LoganTree"**), on one hand, and (3) Huawei Device Co., Ltd., a company organized under the laws of China, with its principal place of business at No. 2 Xincheng Road, Songshan Lake Zone, Dongguan, Guangdong, 523808, China ("**Huawei Device**"), (4) Huawei Device USA Inc., a company formed under the laws of the State of Texas, with its principal place of business at 16479 Dallas Parkway, Suite 355, Addison, Texas 75001("**Huawei Device USA**"), (Huawei Device and Huawei Device USA collectively as "**Defendants**"), and (5) Huawei Device (Shenzhen) Co., Ltd. a corporation organized and existing under the laws of China, having its registered office at Building 2, Zone B, Huawei Base, Bantian Street, Longgang, Shenzhen, Guangdong 518129, China ("**Huawei Device Shenzhen**"), (Defendants and Huawei Device Shenzhen collectively, "**Huawei**") on the other hand, each of the foregoing individually "a Party" and collectively "the Parties."

## RECITALS

WHEREAS, Plaintiff has filed a lawsuit against Defendants for alleged infringement of U.S. Patent No. 6,059,576 (the **"'576 Patent"**) (**"Asserted Patent"**) in an action now pending as LoganTree LP v. Huawei Device Co., Ltd., and Huawei Device USA Inc., in the United States District Court for the Eastern District of Texas, Case No. 6:21-cv-119 (the **"Action"**); and Defendants deny that they have infringed the Asserted Patents and contend that the asserted claims of the Asserted Patents are invalid or unenforceable, and have stated a counterclaim for a declaratory judgment of non-infringement;

WHEREAS, LoganTree represents that it owns all right, title, and interest in the Asserted Patents;

WHEREAS, the Parties desire, among other things, to resolve all aspects of the present dispute without the further time and expense of litigation or other legal action and provide for a full, final, and complete settlement of the subject matter of the Action and releases, licenses and covenant not to sue, all on the terms and conditions set forth herein;

WHEREAS, in the interest of resolving this litigation, and based upon the representations of Huawei, and before conducting additional discovery into the accused products, LoganTree stipulates that the Huawei Watch 1 and Huawei Watch 2 do not infringe the '576 Patent;

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## DEFINITIONS

In the following definitions (and throughout this Agreement), correlative variations (e.g., tense or plural variants) apply with equal force and mean the same in context.

Confidential

A. **"Affiliate(s)"** means, with respect to a Party, any Person that directly or indirectly, Controls, is Controlled by, or is under common Control with such Party. For purposes of this Agreement, "Control" of a Person means ownership, directly or indirectly, more than fifty percent (50%) of the voting equity of such Person or, in the case of a non-corporate Person, equivalent interests. "Person" means any individual or firm, association, joint venture, trust, partnership, corporation, or other collective organization or entity.

B. **"Includes"** and **"Including"** (whether or not the first letter thereof is capitalized) mean includes but is not limited to or including but not limited to.

C. **"Licensed Patents"** means any patents owned, controlled, or licensable by Plaintiff, including the patents and patent applications listed in Exhibit A, and any continuations, continuations-in-part, divisionals, reissues, renewals and extensions therefore and any counterparts claiming priority therefrom that are filed, issued or granted, anywhere in the world, including the patent listed in Exhibit A.

D. **"Licensable"** means, with respect to a patent, that LoganTree (or its Affiliate) has the right to grant a license (or has the right to grant a sublicense) by virtue of ownership or other applicable authorization or permission provided that such authorization or permission does not require any consideration to any third party. If LoganTree has the right to grant a license (or a sublicense) under a patent only to a more limited extent than required by the license grants of this Agreement, then such patent will nonetheless be deemed Licensable to the maximum extent possible.

E. **"Licensed Products"** means and refers to any product, component, product line, device, system, hardware, software, any combination of the foregoing or other offering made, had made, used, imported, offered for sale, sold, imported, exported, provided and otherwise disposed of or distributed by, for, or on behalf of Huawei and its Affiliate before or during or after the term of this Agreement.

F. **"Covered Third-Party Products"** means (i) third-party products or services provided to Huawei and/or its Affiliates for the benefit of Huawei and/or its Affiliates and constituting a component or element of the Licensed Products; and/or (ii) any third party products and services that are included in the Licensed Products.

## AGREEMENT

1. **Compromise Only.** This Agreement is entered into for purposes of settlement and compromise only. Nothing contained in this Agreement, or done or omitted in connection with this Agreement, is intended as or shall be construed as an admission of any fault, liability, act, omission, or wrongdoing whatsoever.

2. **Licenses.**

    2.1   **Licenses**. LoganTree on behalf of itself and its Affiliates, its successors and assigns hereby grants to Huawei and its Affiliates, an irrevocable, worldwide, non-exclusive,

Confidential

perpetual, retroactive and fully paid-up license, without the right to sublicense and non-transferable (unless expressly agreed to in writing by the Parties) ("**License**") under the Licensed Patents to make, have made, manufacture, have manufactured, possess, develop, advertise, use, have used, sell, offer for sale, lease, distribute, have distributed, import, have imported, export, have exported, provide, and otherwise dispose of the Licensed Products and Covered Third-Party Products.  The License granted herein extends to any and all Huawei's and its Affiliates' direct and indirect manufacturers, vendors, distributors, resellers, retailers, licensee, service providers, customers, and end-users only to the extent that their activities relate to Licensed Products and Covered Third-Party Products.

2.2  **Covenant Not to Sue**.  In addition to other clauses in this Section 2, LoganTree on behalf of itself and its Affiliates, its successors and assigns further covenant not to assert or threaten to assert, or instruct, encourage, or take an affirmative action to aid a third party to assert, in any legal proceedings before any courts, arbitral organs and administrative organs with competent jurisdiction against  (i) Huawei and/or its Affiliates, or (ii) any and all Huawei and/or its Affiliates' direct and indirect manufacturers, vendors distributors, reseller, retailer, licensee, service provider, customers and end-users for infringement of the Licensed Patents with respect to Licensed Products and Covered Third-Party Products. Huawei on behalf of itself and its Affiliates, its successors and assigns covenants not to assert a claim seeking a declaratory judgment of noninfringement of the Asserted Patent unless it is first sued for infringement of the Asserted Patent.

**3.  Payment.**

3.1  **Amount of Payment.** In consideration of the rights, releases, and covenant granted by LoganTree and dismissal by LoganTree of the Action hereunder, and in addition to all of the other consideration provided by LoganTree in this Agreement, Huawei agrees to pay to LoganTree (per the wire-transfer instructions provided herein) a one-time, lump-sum payment in the amount of **$77,000** United States dollars (including all withholding taxes) no later than 60 days after Huawei's receipt in China of the valid and proper invoice issued by LoganTree ("Payment Period").  The one-time payment in this Section will be the total compensation paid by Huawei under the terms and conditions of this Agreement.

Wire Transfer Instructions:

| | |
|---|---|
| Account Name: | McCathern PLLC IOLTA |
| Bank Name: | Allegiance Bank |
| Bank Address: | 2000 West Loop South, Ste. 100 |
| | Houston, Texas 77027 |
| SWIFT Number: | |
| Account Number: | 1038959 |
| Routing Number: | 113025723 |
| Reference: | FBO LoganTree LP |

3.2  **Tax.** All taxes levied on LoganTree or Huawei shall be borne by either party respectively in accordance with the applicable tax laws and/or regulations. If any withholding tax is imposed under the laws of a country or other taxing jurisdiction outside

of the United States ("Foreign Withholding Tax") on the amount payable by Huawei to LoganTree under Section 3.1, Huawei will use its reasonable best efforts to avoid or mitigate the Foreign Withholding Tax liability, if possible.  LoganTree shall timely provide Huawei with its residency certificate and/or complete such other tax forms that are necessary for Huawei to avoid or mitigate such Foreign Withholding Tax liability.  To the extent that any Foreign Withholding Tax is nevertheless required by law, Huawei shall pay to LoganTree the amount due under Section 3.1 of this Agreement **minus** any Foreign Withholding Tax and shall provide LoganTree with such tax certificates, receipts, and other appropriate documentation evidencing payment of the Foreign Withholding Tax. The Payment Period may be extended by agreement of the Parties if necessary to obtain residency certificates or to complete such other tax forms.  If it is necessary to adjust the total contract amount due to China withholding tax amount changing because of a variation in China tax law and regulation variation in future, LoganTree shall cooperate to enter into a supplementary agreement as required by Huawei.

4. **Releases.**

   4.1   LoganTree, on behalf of itself, its Affiliates, predecessors, successors and assigns, hereby voluntarily and irrevocably releases Huawei and its Affiliates, their respective directors, officers, members, employees, agents, attorneys, experts, and managers of and from any and all claims, demands, actions, causes of action, suits, costs, damages and liabilities of any kind or nature (whether known or unknown, suspected or unsuspected) that LoganTree may have, claim to have or obtain relating to infringement of the Licensed Patents, including any liability related to the conduct of settlement negotiation, before the Effective Date.  The release granted herein extends to any and all Huawei and/or its Affiliate's direct and indirect manufacturers, distributors, resellers, retailers, licensee, service providers, customers, and end-users only to the extent that their activities relate to a Licensed Product and Covered Third-Party Products. LoganTree expressly, knowingly, and intentionally waives for itself, its Affiliates, predecessors, successors, and assigns the benefits and rights of any statute, legal doctrine, or other similar limitation upon the effect of general releases.

5. **Miscellaneous.**

   5.1   **Dismissals.**  Within five (5) business days after the Effective Date, the Parties shall file a joint motion for dismissal of the settled claims and counterclaims in the Action, with prejudice as to LoganTree's claims and without prejudice as to Huawei's counterclaims, with each Party to the Action bearing its own costs, expenses, and attorneys' fees.  The Parties agree to submit to the court in the action the appropriate stipulations or motions and proposed orders for extensions of time for all due dates in the Action so that no Party is required to incur unnecessary expenses in the Action between the Effective Date and the date the Action is dismissed.  The form of dismissal is included as Exhibit B.

   5.2   **Full Settlement.**  The Parties agree that this Agreement is the full and complete settlement of the rights and obligations of such Parties in connection with the Licensed Patents for the Licensed Products and the Action.

Confidential

5.3     **No Relationship Created**.  Nothing in this Agreement is intended or shall be deemed to create a partnership, agency, employer-employee, fiduciary, or joint-venture relationship.

5.4     **Confidentiality.**  The Parties agree not to disclose the terms and conditions of this Agreement except (i) as may be required by law (including documents for SEC reporting requirements); (ii) during the course of litigation so long as the disclosure of such terms and conditions are restricted in the same manner as is the confidential information of the litigation Party, and is disclosed only to outside counsel and pursuant to a court-entered protective order; (iii) in confidence to the professional legal and financial counsel representing such Party; (iv) in confidence to Huawei's insurers or third-party claims administrators; (v) in confidence to any actual or potential Indemnitor or indemnitee of Huawei; (vi) as agreed by the Parties in writing.  Nothing in this Agreement shall preclude or prevent any Party from responding to or performing duties imposed by subpoena, a court of competent jurisdiction, or other government agency or authority, so long as the Party subject to such matters takes full advantage of processes for preserving confidentiality to the full extent possible and notifies the other Party prior to disclosure in time for the other Party to interpose an objection.

5.5     **Representations and Warranties**.  LoganTree represents and warrants to Huawei, as of the Effective Date, that:

(a)     LoganTree has the right to enter into this Agreement and has all necessary authority and permission to enter this Agreement and so bind LoganTree with respect to each and every Licensed Patent.

(b)     No claim, demand, cause of action, or other matter released herein, and no portion of any such claim, demand, cause of action, or other matter, has been assigned or otherwise transferred (either directly, indirectly or by subrogation or operation of law) by LoganTree.

5.6     **Mutual Representation and Warranties.**  Each of the Parties, and each person signing this Agreement on behalf of a Party, represents and warrants to the other that:

(a)     Such Party has not entered this Agreement in reliance upon any promise, inducement, agreement, statement, or representation other than those contained in this Agreement.

(b)     Such Party has the full right and power to enter into this Agreement, and the person executing this Agreement has the full right and authority to enter into this Agreement on behalf of such Party and the full right and authority to bind such Party to the terms and obligations of this Agreement.

(c)     Such Party has been represented by competent and independent counsel of its own choice throughout all negotiations preceding the execution of the Agreement and has executed this Agreement upon the advice of said competent and independent counsel regarding the meaning and legal effect of this Agreement, and

regarding the advisability of making the agreements provided for herein, and fully understands the same.

5.7 **Notices.** All notices and requests which are required or permitted to be given in connection with this Agreement shall be deemed given as of the day they are received through the U.S. Mail, postage prepaid, certified or registered, return receipt requested, and addressed as follows, or to such other address as the Party to receive the notice or request so designates by written notice to the other:

**To LoganTree**:

LoganTree LP
Anne Marie Brann, General Partner
P.O. Box 1766
Boerne, Texas 78006

*With a Copy To:*

Arnold Shokouhi
McCathern Shokouhi Evans & Grinke PLLC
3710 Rawlins St., Suite 1600
Dallas, Texas 75219


**To Huawei:**

Director of IPR Department
Huawei Technologies, Co., Ltd.
Huawei Industrial Base, Bantian, Longgang District
Shenzhen, 158129, China
iplitigation@huawei.com

*With an email copy to:*

Shawn Yu at yuxiaolong7@huawei.com

5.8 **Governing Law.** This Agreement shall be construed and controlled by the internal laws of the State of Texas (excluding conflict of laws principles). As to any dispute arising as to the performance or breach of this Agreement, each Party consents to exclusive jurisdiction and venue in the federal courts sitting in the Eastern District of Texas – Tyler Division. As to such actions, each Party waives all defenses of lack of personal jurisdiction and forum non-conveniens and process may be served on either party in the manner authorized by applicable law or court rule. In the event of any such action, the prevailing party shall be awarded its reasonable costs, expenses, and attorneys' fees as determined by the court therein.

5.9     **Costs**.  Each Party shall bear its own costs, expenses, and attorneys' fees incurred in connection with the Action, the making of this Agreement, and its performance under this Agreement.

5.10    **Successors and Assigns.**

(a)     The terms, licenses, releases, covenants, conditions, provisions, and benefits of this Agreement shall be binding on and inure to the benefit of LoganTree and Huawei and their respective successors and assigns. If Huawei or its Affiliates sell, assign, spin-off, or transfer (collectively "divest") any part of the business of Huawei or any of its Affiliates as a result of and based on the consummation of a transaction (or an integrated series of transactions) involving any third party, Huawei or an Affiliate of Huawei may assign its rights under this Agreement to such former Affiliate or the owner of the divested business, in whole or in part, but shall provide notice of the assignment to LoganTree.

(b)     The terms, licenses, releases, covenants, conditions, provisions, and benefits of this Agreement shall run with the Licensed Patents and remain in full force and effect regardless of any subsequent transfer or assignment of rights in, or security interest in, any or all of the Licensed Patents.  Any transfer or assignment of rights in, or security interest in, any or all Licensed Patents shall be made only in writing giving notice of this Agreement and stating that such transfer or assignment is made subject to this Agreement.

5.11    **No Construction Against Drafter.**  This Agreement results from negotiations between the Parties and their respective legal counsel, and each Party acknowledges that it has had the opportunity to negotiate modifications to the language of this Agreement. Accordingly, each Party agrees that in any dispute regarding the interpretation or construction of this Agreement, no statutory, common law or other presumption shall operate in favor of or against any Party hereto by virtue of his or its role in drafting or not drafting the terms and conditions set forth herein.

5.12    **Captions**.  Captions or headings used in this Agreement are for the convenience of the Parties only and shall not be considered part of this Agreement or used to construe the terms of this Agreement.

5.13    **Construction**.  If any provision of this Agreement shall be held by a court of competent jurisdiction to be illegal, invalid, or unenforceable or otherwise in conflict with law, the remaining provisions shall remain in full force and effect.  If any provisions of this Agreement are deemed illegal, invalid, or unenforceable or otherwise in conflict with law, they shall be deemed modified to the extent necessary to make them legal, valid or enforceable or otherwise in accordance with law.

5.14    **Counterparts**.  This Agreement may be executed in any number of counterparts and by the different Parties on separate counterparts and each such counterpart shall be deemed to be an original, but all such counterparts shall together constitute but one and the same Agreement.  Execution of this Agreement may be accomplished by signing this Agreement and transmitting the signature page to opposing counsel by facsimile or email.

Confidential

5.15     **Waiver**.  No waiver of any provision of this Agreement shall be deemed or shall constitute a waiver of any other provision, whether or not similar, nor shall any waiver constitute a continuing waiver unless expressly stated in writing by the Party making the waiver.  No waiver of any provision shall be binding in any event unless executed in writing by the Party making the waiver.

5.16     **Term and Termination**.  The term of this Agreement shall commence upon the Effective Date and shall continue in effect until the last to expire of any Licensed Patents or the last date that any damages may be recovered by any Entity for any Licensed Patents, whichever date is later.  Neither Party may terminate this Agreement without the express, written consent of the other Party.

5.17     **Entire Agreement**.  This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and supersedes all prior and contemporaneous written or oral agreements or communications as to such subject matter, all of which are merged and fully integrated into this Agreement.  This Agreement shall not be modified except by a written agreement dated after the Effective Date and signed on behalf of each of the Parties by their respective duly authorized representatives.

5.18     **Bankruptcy Code**.  All rights granted under or pursuant to this Agreement to and among the Parties are, and shall otherwise be deemed to be, for purposes of Section 365(n) of title 11 of the United States Code (the "Bankruptcy Code"), licenses of rights to "intellectual property" as defined under Section 101 of the Bankruptcy Code.  The Parties agree that Huawei and its Affiliates retain and may fully exercise all of their rights and elections under the Bankruptcy Code.

Confidential

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be made and executed by duly authorized representatives as follows:

| LOGANTREE LP<br><br>By: _____<br><br>Name: _____<br><br>Title: _____<br><br>Date: _____ | HUAWEI DEVICE CO., LTD.<br><br>By: _____<br><br>Name: _____<br><br>Title: _____<br><br>Date: _____ |
|---|---|
| HUAWEI DEVICE USA, INC.<br><br>By: _____<br><br>Name: _____<br><br>Title: _____<br><br>Date: _____ | Gulfstream Ventures, LLC<br><br>By: _____<br><br>Name: _____<br><br>Title: _____<br><br>Date: _____ |
| HUAWEI DEVICE (SHENZHEN) CO., LTD.<br><br>By: _____<br><br>Name: _____<br><br>Title: _____<br><br>Date: _____ | McCathern PLLC.<br><br>By: _____<br><br>Name: _____<br><br>Title: _____<br><br>Date: _____ |

Confidential

## Exhibit A

Licensed Patent

U.S. Patent No. 6,059,576

Confidential

Exhibit B

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| LOGANTREE LP | § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil. Action No. 6:21-CV-00119-JDK |
| | § § | **JURY TRIAL DEMANDED** |
| HUAWEI DEVICE CO., LTD, and AND HUAWEI DEVICE USA INC. | § § § | |
| Defendants. | | |

## JOINT MOTION FOR DISMISSAL

WHEREAS, Plaintiff LoganTree LP ("Plaintiff") and Defendants Huawei Device Co., Ltd. and Huawei Device USA Inc. ("Defendants") have resolved Plaintiff's claims for relief against Defendants asserted in this case and Defendants' counterclaim against Plaintiff; and

WHEREAS, in the interest of resolving this litigation, and based upon the representations of Huawei, and before conducting additional discovery into the accused products, Plaintiff stipulates that the Huawei Watch 1 and Huawei Watch 2 do not infringe the patent asserted in this action;

NOW, THEREFORE, Plaintiff and Defendants, through their attorneys of record, request this Court to dismiss Plaintiff's claims for relief against Defendants relating to all of Defendants' accused products with prejudice, and that it also dismiss without prejudice Defendants' counterclaim against Plaintiff.

The Court will retain jurisdiction for the purpose of enforcing the settlement agreement.

Confidential

Dated: March ___, 2022

Respectfully submitted by:

| **MCCATHERN, PLLC** | **CARTER ARNETT PLLC** |
|---|---|
| /s/ | /s/ |
| Arnold Shokouhi | Scott W. Breedlove |
| Bar No. 24056315 | Texas State Bar No. 00790361 |
| arnolds@mccathernlaw.com | sbreedlove@carterarnett.com |
| James E. Sherry | Theresa M. Dawson |
| Bar No. 24086340 | Texas State Bar No. 24065128 |
| jsherry@mccathernlaw.com | tdawson@carterarnett.com |
| | Carter Arnett PLLC |
| McCathern, PLLC | 8150 N. Central Expressway |
| 3710 Rawlins Street, Suite 1600 | Suite 500 |
| Dallas, TX 75219 | Dallas, Texas 75206 |
| Phone: (214) 443-4478 | Telephone No. (214) 550-8188 |
| Facsimile: (214) 741-4717 | Facsimile No. (214) 550-8185 |
| **COUNSEL FOR PLAINTIFF LOGANTREE LP** | Steven M. Geiszler |
| | Texas Bar No. 24032227 |
| | steven.geiszler@futurewei.com |
| | Mark J. Ziegelbein |
| | Texas Bar No. 24029923 |
| | mark.ziegelbein@futurewei.com |
| | FUTUREWEI TECHNOLOGIES, INC. |
| | 5700 Tennyson Parkway, Suite 600 |
| | Plano, Texas, 75024 |
| | 214.728.4735 |
| | **COUNSEL FOR DEFENDANTS HUAWEI DEVICE CO., LTD. and HUAWEI DEVICE USA INC.** |

HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY

Confidential

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be made and executed by duly authorized representatives as follows:

| LOGANTREE LP | HUAWEI DEVICE CO., LTD. |
|---|---|
| By: *[signature]* | By: *[signature]* |
| Name: JEREMY BRANN | Name: FANZHI YONG |
| Title: Manager | Title: Director of IPR Department |
| Date: 05-Apr-2022 | Date: 07-Apr-2022 |
| HUAWEI DEVICE USA, INC. | Gulfstream Ventures, LLC |
| By: *[signature]* | By: *[signature]* |
| Name: FANZHI YONG | Name: JEREMY BRANN |
| Title: Director of IPR Department | Title: Manager |
| Date: 07-Apr-2022 | Date: 05-Apr-2022 |
| HUAWEI DEVICE (SHENZHEN) CO., LTD. | McCathern PLLC. |
| By: *[signature]* | By: |
| Name: FANZHI YONG | Name: |
| Title: Director of IPR Department | Title: |
| Date: 07-Apr-2022 | Date: |

Page 9 of 12

HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY

Logantree 013

Confidential

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be made and executed by duly authorized representatives as follows:

| LOGANTREE LP | HUAWEI DEVICE CO., LTD. |
|---|---|
| By: _____ | By: _[signature]_ |
| Name: _____ | Name: FAN ZHI YONG |
| Title: _____ | Title: Director of IPR Deparement |
| Date: _____ | Date: 07 –Apr– 2022 |
| **HUAWEI DEVICE USA, INC.** | **Gulfstream Ventures, LLC** |
| By: _[signature]_ | By: _____ |
| Name: FAN ZHI YONG | Name: _____ |
| Title: Director of IPR Deparement | Title: _____ |
| Date: 07 –Apr– 2022 | Date: _____ |
| **HUAWEI DEVICE (SHENZHEN) CO., LTD.** | **McCathern PLLC.** |
| By: _[signature]_ | By: _[signature]_ |
| Name: FAN ZHI YONG | Name: JAMES SHERRY |
| Title: Director of IPR Deparement | Title: PARTNER |
| Date: 07 –Apr– 2022 | Date: 4/6/22 |

Page 9 of 12